330 So.2d 439

**Samuel Lee SMITH**

**v.**

**Julia Mae Heatley SMITH.**

**Civ. 737.**

Court of Civil Appeals of Alabamba.

April 7, 1976.

**616**

Larry Knopf, Birmingham, for appellant.

Bert Lindbergh, Birmingham, for appellee.

WRIGHT, Presiding Judge.

Appellant, the defendant in a divorce action, appeals from that portion of the court's decree ordering him to pay $350.00 to the wife for payment of her attorney's fee. Affirmed.

Wife filed suit for divorce, requesting attorney fees. Husband answered and asked for custody of the children. The court granted the divorce with attorney fees, but awarded custody of the four children to the husband.

The record contains no transcript of the evidence taken in the cause. The following facts are taken from an affidavit filed in support of husband's motion for new trial. Husband has been certified as physically disabled by Social Security. His monthly income consists of a $356.80 disability check. Out of this income he must support the four children of the marriage, ages 16, 15, 13 and 12, and two adult daughters with infant children. He has no assets other than an automobile and household effects.

Cases in this state have long recognized that the trial court may, under Title 34, Section 30, *Code of Alabama* (1940), award the wife a sum to provide for her attorney's fees. This is so even though Section 30, *supra* does not specifically provide for attorney's fees. See 8 *Ala.Dig., Divorce*, § 221 et seq. Attorney's fees are allowed as expense money on like principles as alimony pendente lite. *Hodson v. Hodson,* 276 Ala. 227, 160 So.2d 637. Alimony pendente lite is awarded to the wife to cover necessary expenses during the period prior to the divorce. One of her necessary expenses during this period involves the services of an attorney to represent her in the divorce action. She becomes obligated to pay the attorney's fees during this period. The court's decree awarding her attorney's fees merely provides her a method to meet this obligation. It is not necessary that an allowance for attorney's fees be made prior to the final disposition of the cause, as the reasonable value of these services could not be shown until the case is completed.

The award of attorney's fees is largely within the discretion of the court, the exercise of such discretion being judicial and subject to review. *Hewitt v. Hewitt,* 285 Ala. 516, 234 So.2d 283; *Gamble v. Gamble,* 53 Ala.App. 168, 298 So.2d 254. Husband argues that, in light of his monthly income and responsibilities of supporting the minor children of the marriage, the award is excessive and amounts to an abuse of discretion. While husband's affidavit in support of his motion for new trial did show his financial status and his obligations with respect to support, it shed no light on the financial status or earning capacity of the wife. We have no record of evidence considered by the court in reaching its initial decision to award the divorce and attorney's fees. With this

state of the record, we are unable to say that the trial court abused its discretion in the award of attorney's fees.

AFFIRMED.

BRADLEY and HOLMES, JJ., concur.