The parties involved in this appeal were divorced in 1971. The husband (appellee-James D. Price) was ordered to provide child support for the couple's minor children. He was also directed to pay his former wife monthly alimony. Finally, the divorce court awarded the wife (appellant-Alma W. Price) title to the residence which she had shared with her ex-husband.
In addition to the above described matters, the court's decree contained a provision which dealt with the parties' jointly owned farm. This provision indicated that the husband was to pay the wife $35,000 for her interest in the property. This amount was to be paid in fifteen yearly installments of $2,333. However, the court's decree continued by stating that the yearly installments were to be provided by the husband until the $35,000 sum was paid in full, "with right of anticipation." The wife was to retain title to the farm until the husband had completed the performance of this obligation.
The husband subsequently filed a petition in the Circuit Court of Jefferson County, Birmingham Division, in an effort to have the divorce decree modified. In his petition for modification he requested that the court allow him to pay the entire amount remaining on the $35,000 obligation; in exchange for this lump-sum payment, the wife would be required to convey her interest in the farm to her former husband.
The wife filed an answer to the petition of her ex-husband, contending that relief *Page 342 
should not be granted because the original divorce decree made no provision for the husband to pre-pay installments. The wife also filed a cross-petition to have the divorce decree modified. She requested that the court order the sale of the farm property and divide the proceeds equally between herself and her former husband, with the latter receiving credit for any installments he had paid.
Following the occurrence of these events an oral hearing was held to determine the meaning of the phrase "right of anticipation." The court interpreted this language to mean that the husband was permitted to pay in advance of the fifteen year term the entire amount he owed his wife. Accordingly, the court concluded that the husband could pre-pay the balance remaining on the $35,000 obligation, and on this basis directed the wife to accept such a payment when it was tendered and convey her interest in the farm to her former husband. From the judgment of the trial court the wife brings this appeal.
The provision of the original divorce decree which is the subject of this appeal provides:
 "THIRTEENTH: That Respondent [husband] shall pay to Complainant [wife] the sum of Thirty-five Thousand Dollars ($35,000.00) representing Complainant's [wife's] interest in a farm jointly owned by the parties, with survivorship, . . said payment shall be made over a fifteen (15) year period at Two Thousand Three Hundred Thirty-three ($2,333.00) per year until said sum is paid in full, with right of anticipation. . . ." (Emphasis supplied.)
Continuing, the decree states that:
 "Upon completion of said payments Complainant [wife], her executors, administrators, heir[s] or assigns shall convey all of Complainant's [wife's] right, title and interest in and to said real property to Respondent [husband], his heirs or assigns. Respondent [husband] shall have title to all personal property and chattels on the farm, as of the date of this decree. Respondent [husband] shall have sole occupancy of said premises during the period of payment."
Specifically, the issue for our determination is whether the trial court's interpretation of the phrase "with right of anticipation" was correct.
The wife contends that the phrase in question does not permit any pre-payment of the yearly installments. She argues that since the decree made no provision for the receipt of interest on the $35,000 value of her joint interest in the property, the court obviously intended for her to retain title to the property with right of survivorship. In other words, it is her claim that she would be entitled to the farm if her husband died before the fifteen year term specified in the decree was completed and that she was granted this right of survivorship in lieu of yearly interest on the installment payments. She dismisses the phrase "with right of anticipation" as indicating nothing more than her right to alienate, assign or otherwise pledge the installment payments which she anticipated.
Conversely, the husband submits that at the time of the parties' divorce the trial court recognized that he was unable to purchase his ex-wife's interest in their jointly owned property. However, he asserts that the court placed the language "with right of anticipation" in the decree to enable him to pre-pay the sum owed to his ex-wife for her interest, and upon the occurrence of such an event, receive full title to the property. The husband maintains that such a construction of the phrase is further indicated by additional language in the decree which stipulates that the husband (or his heirs and assigns) were to ultimately receive title to the farm.
After a careful reading of the provision in question we are persuaded that the trial court's interpretation of the phrase "with right of anticipation" was correct.
The term "with right of anticipation" is unclear and ambiguous within the context it is used. A literal reading of the phrase does not demonstrate that it meant that the husband was entitled to pre-pay the balance due on his $35,000 obligation. Nor does the *Page 343 
language of the phrase support the wife's contention that it dealt with her right to assign or alienate the installment payments which she anticipated. Consequently, the rules regarding interpretation of instruments must be invoked in order to reach a determination of this matter.
Judgments and decrees are to be construed like other written instruments. Wise v. Watson, 286 Ala. 22, 236 So.2d 681 (1970). If there is uncertainty and ambiguity in a contract or judgment, the court must construe it so as to express the intent of the parties or the trial judge. Reeder v. Reeder, Ala.Civ.App., 356 So.2d 202 (1978). Such intent can be derived from the provisions of the judgment. See Reeder v. Reeder;Sisco v. Empiregas, Inc., 286 Ala. 72, 237 So.2d 463 (1970).
We believe that had the trial judge intended the wife to receive the farm property if her ex-husband died before he had purchased her interest in the property, the judge would not have included a provision stating that "[u]pon completion of said payments [the wife], her executors, administrators, heir[s] or assigns shall convey all of [the wife's] right, title and interest in and to said real property to [the husband], his heirs or assigns."
To us, the quoted portion of the decree indicates that the wife was never to receive complete title to the property. Instead, the fact that the husband (or his heirs or assigns) would obtain the property upon payment of the $35,000 obligation supports the husband's contention that the wife was permitted to retain her one-half interest in the property as security to insure the receipt of the payments due her.
Moreover, it is noteworthy that the wife received the couple's jointly owned residence and acquired full title thereto. On the other hand, the husband was granted title to all personal property on the farm and was allowed to occupy the premises during the period of payment. Thus, it is our conclusion that the division of the parties' jointly owned property in this manner further demonstrates that the court intended for the wife to have title to the couple's former home, while the husband was to receive full title to their farm upon performance of a condition precedent, i.e. the purchase of the wife's interest in that property.
Having determined what the trial court did not intend when it inserted the phrase "with right of anticipation" in its decree, it remains the duty of this court to decide what that term should be interpreted to mean.
The word "anticipation" means the act of doing or taking a thing before its proper time. Black's Law Dictionary 119 (4th ed. 1968). And Webster's Third New International Dictionary 94 (unabr. ed. 1966) defines "anticipate" as: "to . . . satisfy or fulfill beforehand," or "to meet (an obligation) before a due date." In view of these definitions and in light of the language of the entire decree, we believe that the trial court intended to give the husband the right to pay the money he owed his wife before it was due. In other words, the phrase "with right of anticipation" must be construed to mean that the husband had the right to pay off the entire balance remaining on his obligation to his wife at any time prior to the expiration of the fifteen year period, and having paid the sum due in advance, receive full title to the farm. Thus, we cannot say the trial court erred in directing the wife to convey her interest in the farm to her former husband upon receipt of the amount owed her.
The wife also asserts on appeal that the trial court erroneously denied her an award of a reasonable attorney's fee for the services of her lawyer in this matter. However, we have held in numerous instances that such a determination is within the discretion of the trial court. E.g., Smith v. Smith,57 Ala. App. 615, 330 So.2d 439 (1976). Nor will the trial court's refusal to award an attorney's fee be revised or reversed on appeal unless such a refusal was plainly and palpably in error.Sturdivant v. Sturdivant, 276 Ala. 390, 162 So.2d 484 (1964);Shell v. Shell, 48 Ala. App. 668, 267 So.2d 461 (1972). We find nothing in *Page 344 
the record here to demonstrate that the court's action in denying the wife's request for a reasonable attorney's fee was plainly and palpably in error.
Furthermore, in view of the fact that no attorney's fee was awarded below and our affirmation of the trial court's decree, we decline to award such a fee for the services of the wife's counsel in representing her during the course of this appeal.McGugin v. McGugin, Ala.Civ.App., 357 So.2d 347 (1978).
REQUEST FOR ATTORNEY'S FEE ON APPEAL DENIED: AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.