This is a divorce case. The wife appeals from the final judgment division of property and award of alimony.
The first issue we will consider that is presented by plaintiff on appeal is whether she was entitled to an award of attorney fees by the trial court.
It has long been case law in this state that §§ 30-2-50, 51, 52, Code of Alabama (1975) provide authority for a discretionary award of attorney fees to the wife. Smith v.Smith, 57 Ala. App. 615, 330 So.2d 439 (1976). Even so a request must be made, and evidence of financial need and performance of the service shown before the authority of the court to grant such fees is properly invoked. There was an appearance by counsel in behalf of plaintiff only through taking of a reference pendente lite. That counsel withdrew from the case the day of the reference. Plaintiff had no counsel thereafter until the taking of this appeal. There was no evidence presented as to the value of the services of counsel nor whether he had even made a charge. There can be no error in failing to grant relief for which there has been no evidence presented. Ledyard v. Ledyard, 46 Ala. App. 27, 237 So.2d 511
(1970).
The next issue presented by plaintiff is: Did the evidence before the court support a finding regarding the value of plaintiff's interest in the parties' property?
The argument of plaintiff in support of this issue is that the court's grant of $11,000 to her as her interest in the home is not *Page 489 
supported by any evidence. Plaintiff is wrong. The record shows testimony by the defendant husband that in his opinion the home has a value of about $30,000. There is no disputation of that sum in the record. An owner of realty may testify as to the value of his property. § 12-21-114, Code of Alabama (1975);State v. Hastie, 333 So.2d 795 (Ala. 1976). The record further shows that defendant made all payments on the house and owed a balance of $500 on it. We are not advised from the record why the court ordered defendant to pay plaintiff $11,000 for "her interest" in the home. However, the division of property in a divorce is a matter for the discretion of the court and an equal division is not required when all equities are weighed.Caldwell v. Caldwell, 54 Ala. App. 479, 309 So.2d 833 (1975). We find no abuse of discretion in the award of $11,000 to the wife.
The third issue presented on appeal is that the award of alimony to plaintiff constituted an abuse of discretion.
In order to discuss this issue we must set out the entire award made to the plaintiff. In addition to the $11,000 heretofore discussed, plaintiff was awarded $27,000 which was in a savings account in her name. She was given one-half the proceeds from a sale to be made of a lot owned by the parties in or near Kansas City. The sale value was estimated to be $30,000. Thus if estimates were correct, plaintiff would ultimately have in cash from property and savings the sum of $53,000. The court further gave her the sum of $7,200 as alimony in gross payable $200 per month for thirty-six months. She was not given any periodic alimony. It is in that failure that we find the court to have abused its discretion.
Though plaintiff was given an estimated $53,000 in the division of real and personal property and $7,200 alimony in gross, defendant was not left penniless. He had $9,000 in a savings account; a $30,000 home and was to receive an equal amount with plaintiff from the sale of the Kansas City lot (estimate $15,000). He also has at least $10,000 credited to his account in the partnership business (Sahara Restaurant). In addition he owns a 20% interest in the partnership. He draws a monthly salary of $1,800 and a bonus at the end of the year of $5,000 to $10,000.
On the other hand, plaintiff has no work experience or training. The marriage endured for thirty-six years. There are three adult children. She has borne the burden of keeping the home and rearing the children while the defendant worked as a chef. It is obvious that plaintiff cannot live as she has been accustomed on income from $53,000. She should not be required to exhaust the principle for her support. Steiner v. Steiner,254 Ala. 260, 48 So.2d 184 (1950). She is fifty-four years old and not in good health. The payment of the ordered alimony in gross for thirty-six months will be quickly exhausted. Under such circumstances it is the opinion of this court that the trial court abused its discretion in failing to grant periodic alimony.
We reverse the judgment below insofar as the award of $7,200 alimony in gross, payable $200 per month for thirty-six months, and direct the trial court to enter judgment for periodic alimony payable monthly to plaintiff in the amount of $400 per month until she dies or remarries.
This court hereby awards to plaintiff the sum of $500 as attorney fees for the services of her attorney on appeal.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur. *Page 490