This appeal is from an order of the trial court construing and interpreting the provisions of an agreement which was incorporated into a prior divorce decree.
The parties to this appeal were divorced by the Circuit Court of Calhoun County in October 1975. Incorporated in that decree was a pretrial agreement of the parties which provides in pertinent part as follows:
 3. Mr. Scott agrees to pay Mrs. Scott alimony in the amount of $1,000.00 per month, said payments to be made by the 10th of each month commencing with November, 1975. Said payments of alimony *Page 94 
shall cease if and when Mrs. Scott remarries or when either party hereto dies, or when the youngest surviving child becomes twenty-one years of age, whichever of said contingencies occurs first. During the time said alimony is being paid, Mrs. Scott will be entitled to claim said children as dependents on her income tax returns.
 4. Mr. Scott agrees to pay, in addition to the alimony provided for herein, the necessary and reasonable education expenses of said children.
. . . . .
 6. In the event Mrs. Scott remarries, Mr. Scott agrees to pay to her the sum of $500.00 per month for each of said minor children who is still living with her and is under the age of twenty-one years. Said payments are to be made by the 10th of each consecutive month for the support and maintenance of each child until said child ceases to reside with Mrs. Scott or becomes twenty-one years of age, whichever is first, at which time payments for said child shall cease.
 7. The parties agree that this agreement may be filed in the pending divorce suit between them, and that the parties may be required by the order and judgment of divorce to comply with the provisions of this agreement. Mr. Scott further agrees that he will pay the costs of said proceeding and a fee of $1,000.00 for the attorney representing Mrs. Scott in said proceeding.
In April 1980 the wife filed a motion asking that the agreement which was a part of the divorce decree be clarified and enforced. More specifically she averred that the husband had failed to comply with paragraph four of said agreement in that he had refused to pay for the reasonable and necessary educational expenses of the two children.
After a hearing the trial court rendered an order which is in pertinent part as follows:
 1. Mr. Scott is ordered to pay to Mrs. Brennan [i.e. the former Mrs. Scott] the sum of $500.00 per month for the support and maintenance of each of the children of the parties who is under the age of twenty-one years and is living with Mrs. Brennan. Said payments shall be made by the tenth of each consecutive month. Said payments may be terminated as to either of said children upon the happening of any one of: (1) the child becomes twenty-one years of age; (2) the child no longer lives with Mrs. Brennan (temporary absence from her home to attend school will not be construed as no longer living with her); or (3) the child marries or is otherwise situated so as to lose the benefit of the agreement between the parties referred to herein.
 2. In addition to the monthly payments provided for above, Mr. Scott is ordered to pay the following expenses for the education of each of said children: (a) tuition; (b) books; (c) school fees; and (d) dormitory and board furnished by the school attended by said child (this does not include any off-campus living expenses) or contribute that sum toward the expense of the child if living off campus.
The husband appeals.
The husband says here (1) that the agreement in question never became a part of the 1975 divorce and is nothing more than a contract, the enforcement of which cannot be had in the divorce courts; (2) that he is not required by the terms of the agreement to pay the reasonable and necessary educational expenses while the children are minors and under no circumstances is he required to pay the expenses after the children become adults; (3) that, assuming that he does have to make the support payments and to pay for the educational expenses of the children after they reach age nineteen, he should not be required to pay the money to the appellee; (4) that the payment of the children's tuition, books, school fees and housing expense are not necessary and reasonable education expenses; and (5) that the trial court erred in awarding the wife attorney's fees.
Appellant's first contention is that the agreement in question was not incorporated *Page 95 
into and made a part of the divorce decree and, therefore, cannot be enforced as other divorce decrees are enforced for the reason that certain magic words were not used in the decree.
The trial court entered a divorce decree in which it divorced the parties for incompatibility of temperament and then said:
 4. That the agreement between the parties on file in this cause be and it hereby is ratified and approved, and the parties are ordered to carry out their obligations as contained therein.
An agreement made by the parties to a divorce action with respect to alimony and child support when adopted by the court and made a part of the final decree becomes as effective as any other decree that was entered without an agreement. Montgomeryv. Montgomery, 275 Ala. 364, 155 So.2d 317 (1963).
Although the decree did not use such words as "incorporate," "adopted," "made a part of," the decree did provide that the parties' agreement, which was on file with the court, was "ratified" and "approved," and that the parties were ordered to carry out the obligations of the agreement. For almost five years the parties did carry out the obligations of their agreement as they had been directed to do. Under these circumstances we conclude that the agreement was incorporated into and made a part of the court's divorce decree and is subject to being construed and interpreted as are other court decrees.
Appellant next contends that he is not obligated under paragraph four of the agreement to pay the children's educational expenses because the wife has remarried and he no longer pays alimony. We disagree.
In Fox v. Dick, Ala.Civ.App., 389 So.2d 940 (1980), we said:
 Divorce decrees are to be construed like other written instruments and if there is any uncertainty and ambiguity the court must construe it so as to express the intent of the parties. Reeder v. Reeder, Ala.Civ.App., 356 So.2d 202 (1978). Such intent can be derived from the provisions of the judgment. Price v. Price, Ala.Civ.App., 360 So.2d 340 (1978).
The trial court construed the language in the agreement to require the husband to pay the reasonable and necessary educational expenses of the children even though the wife had remarried. We consider such interpretation to reasonably express the intent of the parties as set out in their agreement and is incorporated into the divorce decree.
The husband says that if he is required to pay the educational expenses of the children after the wife remarried, he certainly should not be required to pay those expenses after the children reach their majority.
In Alabama an equity court cannot sua sponte require a parent to support his adult child. Davenport v. Davenport, Ala.Civ.App., 356 So.2d 205 (1978). But, a decree which is based on an agreement providing for support and educational expenses to be paid by one of the parents after the children reach their majority can be enforced and modified. Ralls v.Ralls, Ala.Civ.App., 383 So.2d 857 (1980).
In the instant case the parties agreed that the husband would pay child support until the children reached twenty-one years of age or ceased to live with their mother, whichever event occurred first. Also the parties agreed that the father would pay the reasonable and necessary educational expenses of the children without limitation to a particular age.
The trial court ordered the appellant to pay the support and educational expenses as required by the agreement. No error here.
Appellant's next contention is that he should not be required to make the support payments to the appellee after the children reach age nineteen if he has been ordered so to do, but instead should be permitted to make those payments directly to the children. We find no merit in this contention. *Page 96 
The agreement provides that the appellant is to make the child support payments to the mother until the children reach twenty-one years of age or cease to live with her. The children, however, are still living with the mother and have not reached twenty-one years of age. We perceive no error in the trial court's requirement that the support payments continue to be made to the mother.
Next, appellant says that the trial court's interpretation of "necessary and reasonable education expenses" as set out in paragraph four of his agreement to include tuition, books, school fees, and dormitory and board or its equivalent if the child is living off campus is erroneous. We disagree.
Obviously the term "necessary and reasonable education expenses" as used in paragraph four of the agreement requires interpretation by the court since the agreement itself did not provide a definition of the term. The court interpreted the term "necessary and reasonable education expenses" to include books, fees, tuition and room and board. We find nothing in this interpretation to be unreasonable, because a person attending a school or college will be required to pay for one or more of these expenses.
Finally, appellant says that the trial court erred in awarding appellee an amount for attorney fees.
The parties stipulated that should the trial court see fit to award an attorney's fee, $750.00 would be a reasonable amount. This sum was awarded by the court to the wife for her attorneys.
Appellant does not complain about the amount, but he does say that there was no proof of need on the part of the wife.
The wife's need for an attorney's fee is a factor for the trial court to consider in deciding whether to award an attorney's fee. Rosser v. Rosser, Ala.Civ.App., 355 So.2d 717
(1977), cert. denied, Ala., 355 So.2d 722 (1978).
The evidence shows that appellee is a housewife and is not otherwise employed. It appears that appellee and her present husband have incurred expenses for the children's education of about $5,000. Appellant was ordered by the court to pay this amount to appellee.
Based on the evidence in this case and the reasonable inferences to be gleaned therefrom, we cannot say that the trial court erred in awarding appellee an attorney's fee for the representation she received in the trial court.
The appellee has requested that she be awarded a reasonable attorney's fee for defending this appeal. We consider $500 to be a reasonable fee and award her that amount.
For the reasons above noted the decree of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.