ON REHEARING
This court's original opinion dated January 13, 1982 is withdrawn and the following is substituted therefor:
The trial court modified a divorce decree; the husband appeals and we affirm in part and reverse in part.
The parties were divorced in 1979. An agreement concerning a division of property, child support, and other related matters was incorporated into the decree of divorce.
In 1980, the husband filed a petition to require reformation of a deed. Specifically, the wife had refused to sign a proper deed to certain property awarded to the husband.
The trial court granted summary judgment in favor of the husband regarding the deed. The husband next pertinently amended his petition to include a request for an attorney's fee incurred by him in obtaining the deed reformation. Additionally, the husband by this amendment sought credit for certain educational grants awarded to his sons.
The wife in response to the husband's amended petition requested, pertinent to this appeal, an award for college expenses and an increase in child support for a minor child.
After an ore tenus hearing, the trial court granted the wife's request for an increase in child support; and awarded $6,000 to the wife and two adult children "jointly and severally" for college expenses.
As indicated, the husband appeals and specifically contends the trial court erred in the award of $6,000 for college expenses; in increasing the child support from $250 to $425 per month; and in refusing his request for an attorney's fee.
For, hopefully, clarity this court will discuss the pertinent facts as they relate to the issue presented. We would note that the appellee wife has not favored this court with a brief.
 I
The original decree of divorce incorporated an agreement of the parties which in pertinent part provided as follows:
 7. The husband agrees to pay a reasonable sum for books, supplies, tuition, room and/or board at school and transportation expenses for each said child of *Page 117 
the parties for and during four (4) years of school at the post high school level. However, the husband will not pay any sum for room and/or board if the said minor child is under nineteen (19) years of age
The record, viewed with the attendant presumptions, reveals the following evidence regarding this aspect of the trial court's decree.
The oldest son turned nineteen one month after the divorce. He first attended a community college, and then transferred to a four year state university. The cost, to date, of the oldest son's college education after he turned nineteen amounts to $5,211. The son's car insurance amounts to $542. The son received $2,419 in basic educational opportunity grants. The evidence indicates the husband has contributed $948 for expenses incurred by the oldest son for transportation, tuition, supplies, room and board.
The youngest son reached age nineteen one year after the divorce. He initially was a student at a four year state university, then transferred to a small, private college. Tuition and expenses for the youngest son's college education after age nineteen equal $4,303. Car insurance for this son amounts to $306. The son received $2,402 in grants from the university. The husband has not contributed to the youngest son's college expenses since the child turned nineteen.
With these facts before it, the trial court ordered the husband to pay $6,000 for expenses incurred by his sons for books, supplies, transportation, tuition, room and board.
Without an agreement to the contrary, a parent is under no legal obligation to support or educate a child after it attains the age of majority. Ralls v. Ralls, 383 So.2d 857 (Ala.Civ.App. 1980), and cases cited therein. In this instance, however, the husband did agree in paragraph 7 of the divorce decree to pay reasonable expenses for the post high school education of his children.
The husband apparently concedes he is obligated under the divorce decree to provide for his adult children's college education. The issue on appeal is whether $6,000 constitutes a reasonable expense.
The evidence in this action was conflicting as to the actual reasonable college expenses incurred by the two sons. The sons and wife, through testimony and exhibits, contended at trial the husband had failed to fulfill his obligation under paragraph 7 of the decree. The husband, representing himself at trial, argued he had paid more than reasonable costs for the two boys to attend college.
The trial court's findings, in this case favoring the wife and sons, are presumed correct and will not be overturned on appeal without a showing of an abuse of discretion. Skipper v. Skipper,380 So.2d 921 (Ala.Civ.App. 1980). The testimony at the hearing and the exhibits entered into evidence, as indicated above, only support a finding that the husband was obligated to pay $4,593 for the sons' college expenses.
The trial court's order requires the $6,000 be paid to the wife and two sons, jointly or severally. The husband, through able counsel, expresses concern regarding the wording of the trial court's order. The husband contends that he may now be liable to pay $6,000 to each son and his ex-wife if each should decide to levy execution as a judgment creditor.
While it is not entirely clear how the trial court intended the money to be distributed, it is, to this court, as noted above, clear what the trial court found. The trial court determined from the evidence presented that the husband was obligated, pursuant to paragraph 7, at time of trial to pay an additional $6,000 for his children's college education.
In view of the wording of the trial court's order and the concern of the husband about the manner of payment, we find the $6,000 (now $4,593) should be paid to the trial court. Upon appropriate orders of the trial judge, the court may then distribute the monies as intended. This action will afford the husband any "protection" he perceives necessary from possible multiple payment of the judgment, which is now to be $4,593. *Page 118 
Hence, the trial court's order requiring the husband to pay $6,000 is not supported by the evidence. That aspect of the appeal is remanded to the learned trial judge for entry of a finding that the husband's obligation is $4,593.
 II
The husband next contends the trial court erred to reversal in increasing the child support payments from $250 to $425.
As indicated, the parties were divorced in 1979 and the amount of support the father was required to pay for the parties' ten year old minor child was $250.
It is axiomatic that a modification in child support must be founded upon changed circumstances as to the needs of the children and the means of the parent to pay. Murphree v.Murphree, 366 So.2d 1132 (Ala.Civ.App. 1979).
Although only eighteen months have passed since the 1979 decree, the pertinent changes in circumstances appear to be the following:
The husband's gross income has increased from $2,244 per month at the time of the divorce to $2,665 per month at the time of the modification proceeding. The fact that a husband's annual gross income has increased by approximately $5,000 is a material factor in sustaining an increase in the amount awarded for child support upon divorce. Young v. Young, 351 So.2d 611 (Ala.Civ.App. 1977).
Increased cost of food, clothing and transportation will justify an increase in child support. Reach v. Reach,378 So.2d 1115 (Ala.Civ.App. 1979), cert. denied, 378 So.2d 1118 (Ala. 1980). The evidence in this action indicates the minor daughter has matured early, requiring significant expenditures for clothing and food. The daughter has outgrown her children's sized clothes and now wears women's sizes. Costs for food and transportation for the daughter have risen, due to economic inflation as well as her rapid growth.
In view of the increased needs of the minor child, coupled with the increased ability of the husband to pay, this court can not reverse the trial court's action in modifying the monthly child support payments from $250 to $425. While the increase is a liberal one, to reverse would be to substitute this court's judgment for that of the trial court. Sutton v. Sutton,55 Ala. App. 254, 314 So.2d 707 (1975).
 III
The husband's last contended error is to the effect that the trial court abused its discretion in denying the husband's claim for an attorney's fee in connection with his petition regarding the "reformation" of a deed. Specifically, the trial courtdismissed the husband's claim for an attorney's fee.
As stated earlier, a summary judgment had been issued in favor of the husband and against the wife compelling her to execute a corrected deed for the wife's interest in property awarded to the husband in the original divorce decree. The husband then filed an amended complaint seeking to recover from the wife the legal fees and costs incurred in the summary judgment proceeding.
The trial court, as indicated, denied the monetary claims of the husband and dismissed the amended complaint.
An award of attorneys' fees in a "divorce action" is a matter within the sound discretion of the trial court. Marr v. Marr,383 So.2d 194 (Ala.Civ.App. 1980). In the instant action, we find no error in the trial court's denial of the husband's claim for an attorney's fee and the failure to award an attorney's fee to the husband in connection with his action to require the wife to execute a deed.
The case is due to be affirmed in part, reversed in part, and remanded for entry of a judgment not inconsistent with the above.
APPLICATION FOR REHEARING GRANTED.
OPINION SUBSTITUTED.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 119