The parties were divorced in 1979. Custody of two minor daughters was given to the mother. In 1980, husband filed a petition for a change of custody. After hearing, the petition was denied. However, there was entered an order directing the mother to refrain from permitting men, not related, to visit in her home while the children were present after 9:30 P.M.
In 1982 the father again filed a petition for change of custody of the younger (13) daughter from the mother because she was in violation of the order pertaining to male visitation.
The petition was heard orally by the court. The mother by answer admitted the violation of the previous order. She presented no evidence at the hearing.
The court found the mother to be in contempt of its order. She was fined the sum of $100. Temporary legal custody of the daughter, Meredith, was given to the Autauga County Department of Pensions and Security. Physical custody was permitted to remain in the mother. The sum of $450 was awarded to the father's attorney as an attorney fee. The wife appealed.
The first issue presented is whether the court erred in granting a change in custody. The mother contends error because there was neither pleading nor proof of a material change in circumstances.
It is the premise of the mother that even though she admitted violating the order of the court and there was uncontroverted testimony that a man had spent many nights in her home, there was no proof of a material change of circumstances. We do not accept that premise. It is clear that the often and regular presence in the home overnight of an adult male not the father of the children nor the husband of the mother, is not only a contumacious violation of the orders of the court, but also a circumstance not present in the prior proceedings.[1] That such events are not material circumstances cannot reasonably be contended.
The mother, citing Patterson v. Patterson, 399 So.2d 846
(Ala.Civ.App. 1980), contends that her conduct in permitting a boyfriend to regularly spend nights with her in the presence of her teenage daughter does not support a change of custody. She further contends there is no evidence that her children were present on such occasions. We observe that in the absence of any evidence that her children were not present in the home on such occasions, it was only reasonable for the court to conclude that they were there in their own home. We must comment that each case is viewed in light of its own evidence. This case is not the Patterson case. To construe what was said in Patterson to mean that repeated immoral conduct by a parent in the home of the children or with their knowledge, particularly impressionable teenagers, may not be reason for removing custody from such parent, is to err. Neither would it be proper to conclude from Patterson that sexual misconduct must occur in the physical presence of children for it to be material to their welfare. In short, we find substantial support in the evidence for the judgment of the court in modifying custody of the minor child. It is therefore not erroneous. Raidt v. Crane, 342 So.2d 358 (Ala. 1977).
We find the second issue, the propriety of the order of the court requiring the mother to pay a fee of $450 to the attorney of the father, to be well taken. There was not only no request for such fee; there was no evidence indicating a financial need of the father for such assistance, nor a financial ability of the mother to pay it. We have found such to be necessary in actions for divorce. Tidwell v. Tidwell, 379 So.2d 614
(Ala.Civ.App. 1980); Cinader v. Cinader, 367 So.2d 487
(Ala.Civ.App. 1979).
We reverse that part of the judgment requiring the payment by the mother of the *Page 564 
husband's attorney fee. The judgment otherwise is affirmed.
Appellant's request for attorney fees on appeal is denied.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
BRADLEY and HOLMES, JJ., concur.
[1] Whether the order was a proper exercise of the authority of the court is not here presented.