WRIGHT, Presiding Judge.
This is an appeal of a denial of attorney’s fees. Karolyn 0. Mersmann and James F. Mersmann were divorced after an ore ten-us hearing. Although no transcript is contained in the record, it appears that, shortly after the conclusion of testimony, the trial judge asked Mrs. Mersmann’s attorney if she had any further evidence to present. When she responded that she did not, the judge adjourned the hearing. Immediately thereafter, the judge proceeded to inform Mrs. Mersmann’s counsel that, due to her failure to plead or present evidence regarding her request for an award of attorney’s fees and costs, no such fees would be granted. Consequently, Mrs. Mersmann filed a motion “to re-open evidence solely for the purpose of presenting evidence of attorney’s fees.” The motion was denied, and Mrs. Mersmann appeals here.
The lone issue on appeal is whether the trial court abused its discretion in denying Mrs. Mersmann the opportunity to present evidence as to attorney’s fees. As we previously stated in Cinader v. Cinader, 367 So.2d 487 (Ala.Civ.App.1979):
“It has long been case law in this state that §§ 30-2-50, 51, 52, Code of Alabama 1975 provide authority for a discretionary award of attorney’s fees to the wife. (Citation deleted.) Even so a request must be made, and evidence of financial need and performance of service shown before the authority of the court to grant such fees is properly invoked.”
The record before us shows no evidence presented in support of an award of attorney’s fees. There can be no error in failing to grant relief for which there has been no evidence presented. Cinader, supra at 488. We also find no error in the trial court’s refusal to reopen and take additional evidence. Although a trial court may reopen a case when it appears to be necessary to due administration of justice, the decision whether to reopen rests within the sound discretion of the trial court. Hancock v. City of Montgomery, 428 So.2d 29 *242 (Ala.1983). Finding no abuse of discretion, we must affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.