HOLMES, Judge.
This is a domestic relations case.
The parties, who were divorced in March 1978, have two children. Their son, Jonathan, who was nineteen in February 1986, attends Montana State University, and the minor daughter, Catherine, age sixteen, is in her father’s custody.
The mother filed a motion for rule nisi, alleging that the father had failed to pay college expenses for Jonathan, as provided in the divorce decree. The father made a motion to modify child support and to modify that portion of the divorce decree providing for the payment of college expenses.
After a hearing the trial court determined that the father was responsible for the college expenses pursuant to the divorce decree and awarded a judgment of $5,305.33 against the father. The father filed a motion to set aside. The motion was denied, and the father appeals. We affirm.
In his first issue the father contends that the trial court erred in failing to order the *24 mother to pay child support to the father for the minor daughter, Catherine.
The trial court, when awarding child support, considers the needs of the child and the ability of the parent to meet those needs. The trial court’s decision is presumed correct. Tucker v. Tucker, 403 So.2d 262 (Ala.Civ.App.1981). In child support modification cases, the burden of proving changed circumstances sufficient to warrant modification is upon the movant. Jenkins v. Jenkins, 418 So.2d 137 (Ala.Civ.App.1982).
The only evidence presented on this issue was that the father’s monthly expenses are approximately the same as his monthly income. This is the second appeal of this issue to this court, and the father has once again failed to present any evidence which would indicate that he was unable to meet the daughter’s needs. See Cunningham v. Cunningham, 480 So.2d 1238 (Ala.Civ.App.1985). Therefore, the trial court did not abuse its discretion in failing to award child support to the father.
In the second issue the father contends that the trial court erred when it ordered him to pay $5,305.33 in college expenses for Jonathan.
While it is true that a parent has no legal obligation to support or educate a child who has attained the age of majority, the parent can so obligate himself by agreement. Holmes v. Holmes, 410 So.2d 115 (Ala.Civ.App.1982). Such an agreement which has been incorporated into a divorce decree can be enforced and modified. Scott v. Scott, 401 So.2d 92 (Ala.Civ.App.1981). There was an agreement in this case which was incorporated into the decree of divorce.
The divorce decree-agreement provides, in pertinent part: “It is further agreed that Defendant shall provide for and bear the expenses of the minor children to attend a college or university for a period of four years while said child is working on credits to be applied to an undergraduate college or university degree.”
The trial court ordered the husband to pay Jonathan’s educational expenses pursuant to the above provision. The father contends that there has been a change in circumstances since the divorce decree which would warrant modification of this provision.
The educational expenses which the father was ordered to pay had already been incurred, and the mother had attempted to force compliance with this provision prior to the time that the father sought modification. Therefore, we cannot say that the trial court erred in ordering the father to pay these expenses pursuant to this agreement. See Andrews v. Andrews, 437 So.2d 1306 (Ala.Civ.App.1983); McDaniel v. Winter, 412 So.2d 282 (Ala.Civ.App.1982).
However, we note that the trial court appeared to be of the opinion that this provision could not be modified. We point out that such a provision can be modified. See Scott, 401 So.2d 92.
Additionally, the father contends that these educational expenses are unreasonable in that Jonathan chose a school for which he must pay out-of-state tuition. The father’s agreement to pay educational expenses was not conditioned upon his personal approval of the child’s choice of a college or university. While it is true that tuition for an in-state school might be less expensive, the provision was not so limited or qualified, and, unless modified, the father is bound by the provision.
In his third issue the father argues that the trial court erred in failing to give him credit for $1,000 of child support paid during the time that Jonathan was in college. The father bases his argument on the provision in the divorce decree which provides:
“It is specifically understood by the parties that during said times when one or any of said children are registered and attending a college or university as a full-time student while under the age of nineteen years, unmarried and not self-supporting and the Defendant is paying the educational expenses as agreed *25 herein, the amount of Two Hundred ($200.00) Dollars per month being paid by the Defendant for the support and maintenance of said child shall be suspended.”
(Emphasis added.)
It is well settled that the trial court is given the discretion to award or deny a credit. This determination will be upheld unless it is so unjust as to be an abuse of discretion. Marsh v. Marsh, 426 So.2d 847 (Ala.Civ.App.1983). In view of the fact that the father was not paying the educational expenses, as agreed, we find no abuse of discretion.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.