ROBERTSON, Judge.
This is a divorce case.
On June 7,1988, Jacquelyn Lee Donovan, wife-appellee, filed a petition for divorce from John Gerard Donovan, husband-appellant, alleging inter alia, complete incompatibility of temperament between the parties. One month later, she applied for a default judgment based on the husband’s failure to answer the original petition for divorce. *1053 After receiving ore tenus evidence, the court entered a final decree of divorce by default on July 13, 1988, divorcing the parties, awarding $400 per month as alimony to the wife, restoring the wife’s name, and specifying the terms of possible remarriage for either party. On July 21, 1988, the husband filed a motion to set aside the default judgment, asking the trial court to allow him to respond to the petition for divorce and to set a final hearing. The motion was granted and a hearing was held without benefit of a record being made. The trial court requested the parties to provide written summaries, then set the cause for final hearing. After receiving ore tenus evidence at the final hearing, the trial court entered an order November 30, 1988, dissolving the marriage and awarding alimony in gross to the wife in the amount of $16,389.09 payable in monthly installments.
Prom that order the husband appeals, contending that the trial court’s order of November 30, 1988, is not a divorce but an annulment of the marriage and that an award of alimony cannot be made without a divorce. He bases his contention on the words of the order that “[t]he marriage between the parties on September 4, 1987, is hereby dissolved and annulled.” The only issue he raises on appeal is whether an award of alimony in gross is appropriate in a ease where the court has granted an annulment.
Before reaching that issue we must first determine if the order is a valid divorce decree or an annulment. Rule 58, Alabama Rules of Civil Procedure, which deals with judgments and orders, states that a judgment or order “need not be phrased in formal language nor bear particular words of adjudication.” We have previously addressed the matter of unclear judgments and determined that “[wjhere a judgment or decree is so obscure as to not clearly express the exact determination of the court, reference may be had to pleadings and other proceedings to which it refers, and it should be interpreted in light of the pleadings and the entire record.” Reeder v. Reeder, 356 So.2d 202, 204 (Ala.Civ.App.1978).
Judgments are to be construed like other written instruments. Ambiguities and uncertainties must be construed to express the intent of the parties or the trial court and the intent can be derived from the provisions of the judgment. Price v. Price, 360 So.2d 340 (Ala.Civ.App.1978).
Reviewing the record with attendant law reveals a clear intention on the part of the parties and the trial court to effectuate a divorce. The pleadings indicate the marriage was consummated. The default judgment entered on July 13, 1988, that was later set aside on husband’s motion, is entitled “Final Decree of Divorce” and is a form decree commonly used by the Domestic Relations Division of the Circuit Court of Montgomery County.
Having determined that the judgment below is a valid divorce decree, and not an annulment, we conclude that the issue raised by the husband on appeal is not applicable. Accordingly, the judgment below is affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.