The parties in this case, Patricia Simpkins (wife) and Russ Simpkins (husband), were divorced by order of the court on May 15, 1974. The divorce decree incorporated the agreement of the parties, which contained a provision concerning post-minority support for the parties' three children. That provision provided as follows:
 "As each child reaches twenty-one years of age, marries or for other reason (other than attending school) leaves the home of Wife, then Husband's obligation to pay child support for that child shall cease. As each child leaves home to attend college, then the amount of child support *Page 494 
paid to Wife for that child shall be reduced by two-thirds. Husband shall pay for the college education of children including tuition, books and their reasonable living expense. Husband shall be entitled to claim said children as dependents for income tax purposes and Wife shall sign such forms as required to authorize Husband to claim said children as dependents." (Emphasis added.)
On June 15, 1990, the wife filed a petition, requesting that the trial court hold the husband in contempt for failure to comply with the above-quoted provision concerning post-minority support and for failure to comply with a provision in the judgment of divorce concerning alimony.
The wife's petition also included an allegation of a material change in circumstances since the date of the parties' divorce in that the daughter of the parties was a student at Agnes Scott College and that the husband had refused to pay for the daughter's expenses in attending Agnes Scott College. In view of these facts, the wife requested that the husband be ordered to pay the educational expenses of the parties' children to the institution of each child's choosing. The wife also requested an increase in alimony.
The husband answered and denied that he was in arrears in the payment of his daughter's educational expenses. He alleged that his daughter had chosen an expensive, private, all-girls' college and that he had refused to pay more than $5000 per year toward her education. The husband further asserted that $5000 per year was a reasonable amount for tuition (he had arrived at this figure after checking educational costs at Auburn University and The University of Alabama). Moreover, the husband alleged that the $15,000 per year that it cost to attend Agnes Scott College was not reasonable, that no change of circumstances had occurred which would warrant an increase in the wife's alimony, and that he had overpaid his child support obligation by more than $5000.
The husband then counterclaimed, requesting either a cessation of alimony or a decrease in the amount of alimony owed by him to the wife. He also requested that he be reimbursed for the overpayment in child support.
Following an ore tenus proceeding, the trial court found that the husband was obligated to pay the daughter's college expenses and ordered the husband to pay to the wife $13,338.50 for reasonable educational expenses that the wife had incurred on behalf of the parties' daughter. Further, the trial court ordered the husband to pay future expenses incurred by the daughter at Agnes Scott College. The trial court also found that the alimony owed by the husband to the wife should not be reduced.
The husband appeals, contending that the trial court erred (1) in interpreting the parties' judgment of divorce to require the husband to pay for educational expenses which the daughter incurred at Agnes Scott College; (2) in awarding the wife a judgment against him in the amount of $13,338.50; (3) in refusing to reduce or terminate his alimony obligation; (4) in failing to award him a judgment for child support overpayment; and (5) in awarding the wife an attorney's fee.
First, we will consider the husband's contention concerning his payment of the daughter's educational expenses. As previously noted, the parties' judgment of divorce incorporated their agreement concerning the payment of college expenses. The specific language of that particular provision was that the "[h]usband shall pay for the college education of children including tuition, books, and their reasonable living expenses."
In Cunningham v. Cunningham, 500 So.2d 22
(Ala.Civ.App. 1986), this court considered a strikingly similar provision and situation. The divorce agreement in that case provided that the father would "provide for and bear the expenses" incurred as a result of his children attending a four-year college. The child in Cunningham, like the daughter in the case sub judice, chose an out-of-state school, resulting in increased educational expenses.
In considering whether those expenses were unreasonable, this court opined: *Page 495 
 "While it is true that a parent has no legal obligation to support or educate a child who has attained the age of majority, the parent can so obligate himself by agreement. Holmes v. Holmes, 410 So.2d 115 (Ala.Civ.App. 1982). Such an agreement which has been incorporated into a divorce decree can be enforced and modified. Scott v. Scott, 401 So.2d 92 (Ala.Civ.App. 1981)."
Cunningham, 500 So.2d at 24.
First, we recognize that the case of Ex parte Bayliss,550 So.2d 986 (Ala. 1989), has since expanded a parent's potential legal obligation to provide post-minority support beyond the situation described in Cunningham. However, we specifically point out to the reader that this is not a Bayliss fact situation or proceeding. Instead, this is a proceeding to enforce an obligation to provide post-minority support which was incorporated into the parties' divorce decree.
Here, the father obligated himself to provide post-minority educational support by agreement. We recognize that the daughter chose a private, out-of-state college, which is expensive to attend. However, "[t]he father's agreement to pay educational expenses was not conditioned upon his personal approval of the child's choice of a college or university."Cunningham, 500 So.2d at 24.
Further, we note that the provision in this case only attached the word "reasonable" to the amount that the father was to provide his daughter for living expenses. No "reasonableness" requirement was attached to the tuition expense. Thus, although tuition to Agnes Scott College might be more expensive than tuition to The University of Alabama or Auburn University, "the provision was not so limited or qualified, and, unless modified, the father is bound by the provision." Cunningham, 500 So.2d at 24.
We also note that evidence of all the daughter's expenses was presented to the trial court, from which it derived the amount owed by the father. The trial court determined that amount to be $13,338.50. Where a trial court receives evidence ore tenus and then enters its judgment, that judgment will be presumed correct on appeal and will be reversed only if it is plainly and palpably wrong. Thrasher v. Wilburn, 574 So.2d 839
(Ala.Civ.App. 1990). After having reviewed the record, we find that the trial court's determination concerning the amount owed by the father is supported by the evidence.
Next, we consider whether the trial court erred in refusing to modify the alimony provisions of the parties' divorce decree. The trial court found that "[b]ecause of a wide variety of reasons," the alimony would not be reduced.
In cases where the trial court fails to make specific findings of fact concerning an issue, the reviewing court will assume that the trial court made the findings necessary to support its judgment, unless such findings are clearly erroneous. Bearden v. Ellison, 560 So.2d 1042 (Ala. 1990).
Evidence was presented concerning the employment of the husband and the wife. The husband is a medical doctor, and the wife is employed as a bank teller. Testimony was given that indicated the wife was unable to pay her bills at the end of the month and was seeking assistance from family members in paying her bills. Other evidence was also presented from which the trial court could have concluded that no reduction in alimony was warranted. We hold that the trial court did not err in refusing to reduce the husband's alimony obligation.
The husband next contends that the trial court abused its discretion by denying him a credit for overpayment of child support. In Cunningham, 500 So.2d at 24, this court held:
 "It is well settled that the trial court is given the discretion to award or deny a credit. This determination will be upheld unless it is so unjust as to be an abuse of discretion. Marsh v. Marsh, 426 So.2d 847 (Ala.Civ.App. 1983). In view of the fact that the father was not paying the educational expenses, as agreed, we *Page 496 find no abuse of discretion." (Emphasis added.)
In this case, as in Cunningham, the husband was not paying the daughter's educational expenses pursuant to the agreement of the parties as embodied in the divorce. Thus, the trial court did not abuse its discretion in denying the husband a credit.
Finally, the husband asserts that the trial court erred by awarding the wife an attorney's fee in the amount of $1500. The decision to grant or deny a request for an attorney's fee is a decision committed to the sound discretion of the trial court.Click v. Click, 521 So.2d 67 (Ala.Civ.App. 1988). We hold that the trial court did not abuse its discretion in awarding the wife an attorney's fee.
The judgment of the trial court is due to be affirmed.
The wife's request for an attorney's fee on appeal is granted in the amount of $500.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.