This is a child-support modification case.
The parties were divorced on August 19, 1997. Pursuant to an agreement of the parties that was incorporated into the divorce judgment, the mother was awarded custody of the parties' three minor children and the father was ordered to pay $825 per month in child support and was required to provide health-insurance coverage for the children. Since that time, the trial court has considered numerous petitions for modification and for findings of contempt. This appeal involves a petition, filed by the mother on July 27, 2000, seeking a finding of contempt and a modification of the child-support order. The mother alleged that the father should be held in contempt for his "failure to abide by the Court's prior Orders," and she sought a modification to "include post-minority support in the form of college education for the children." The father counterpetitioned, asking, among other things, that the court find the mother in contempt for denying his scheduled visitation.
After conducting an ore tenus proceeding, the court, on November 13, 2000, entered an order stating in part:
 "The first issue relates to post-minority support for their oldest son. He is a high school senior who was to take the ACT on Saturday, October 8th. He makes good grades, A's, B's, and occasional C's. He has not yet applied to a specific college. It appears to the Court that he has earned the right to parental assistance for his college expenses, whatever they turn out to be. The Court will reserve jurisdiction as to the younger two children.
". . . .
 "2. That the parties' minor son, [J.P.], is entitled to post-minority support for his college expenses, consisting of room, board, books, tuition and fees, not in excess of what the same would *Page 400 
cost at a State-supported institution within the State of Alabama, for a period of four academic years, so long as he remains a full-time student (summers excepted), maintains at least a 2.0 overall GPA (on a 4.0 scale), and remains unmarried.
 "3. That [the father] shall contribute 70% and [the mother] shall contribute 30% of such expenses, to the extent that those expenses are not covered by scholarships, grants, or loans.
". . . .
 "12. That [the mother] is awarded a judgment against [the father] in the amount of $1,000.00 in partial compensation for her attorney's fees in this matter."
The father appeals, arguing that the court erred in ordering him to pay post-minority support for the older child and in awarding the wife an attorney fee. We disagree.
Our standard of review in a case involving a modification of a child-support order is well settled. Matters related to child support, including subsequent modifications of a child-support order, rest soundly within the trial court's discretion and will not be disturbed on appeal, absent a showing that the ruling is not supported by the evidence and thus is plainly and palpably wrong. Berryhill v. Reeves, 705 So.2d 505
(Ala.Civ.App. 1997); Williams v. Braddy, 689 So.2d 154 (Ala.Civ.App. 1996). A trial court has the discretion to award postminority support for college expenses when a petition is made before the child reaches the age of majority. Ex parte Bayliss, 550 So.2d 986 (Ala. 1989). In making this determination, the court is to consider all of the relevant factors that appear reasonable and necessary, including the financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education. Id. at 987. The court may also consider the standard of living that the child would have enjoyed if the marriage had not been dissolved. Id.
The mother testified that the older child was a senior in high school and had plans to attend college after graduation. She stated that his grades were A's, B's, and C's and that he was preparing to take the ACT entrance examination. The mother's income, according to her testimony and her CS-41 "Income Affidavit" form, is $1,387 per month.
The father testified that he resides in Lacombe, Louisiana, and that he is employed by the Coca-Cola Company in Louisiana. According to the father's CS-41 "Income Affidavit" form, he earns $4,291 per month. He stated that his company provided a "special-benefits package" and that if the child went to work for the same company, it would assist him in paying his educational expenses. The father stated that he had discussed college with the child and that the child had stated that he thought he might be eligible for some scholarship funds.
After reviewing the record, we conclude that the evidence supports the trial court's determination. Further, this court has consistently held that it is within the discretion of the trial court to award an attorney fee. Hoplamazian v. Hoplamazian, 740 So.2d 1100 (Ala.Civ.App. 1999).
AFFIRMED.
Thompson, Pittman, and Murdock, JJ., concur.
Crawley, J., concurs in part and dissents in part.