Garry Ray Winsett ("the former husband") and Rebecca Borden Winsett Woodward ("the former wife") were divorced on July 8, 1993. They had two children. The former wife was awarded primary physical custody of the parties' older daughter, and the former husband was awarded primary physical custody of the parties' younger daughter. The divorce judgment incorporated the agreement of the parties that waived child support based on the former husband and the former wife each maintaining support for one child. In addition, the agreement ordered the former husband to pay for "the higher education costs, expenses and fees for both children."
On July 30, 2001, the former wife filed a petition for rule nisi, alleging that the former husband has failed and refused to pay for higher-education costs, expenses, and fees for his older daughter, as ordered in the final divorce judgment. Specifically, the former wife argued that the former husband had a postminority support arrearage of $14,000. On October 2, 2001, the former husband filed an answer. Following a hearing at which ore tenus evidence was presented, the trial court ordered the former husband to pay the former wife $14,000, representing amounts paid for college expenses of the parties' older daughter. The former husband appealed.
On appeal, the former husband contends that the trial court erroneously ordered him to pay $14,000 in postminority support to the former wife where the amount was composed predominantly of expenses that were far outside the scope of his obligation as stated in the agreement incorporated into the divorce judgment. Specifically, the former husband argues that although the agreement orders him to pay for "the higher education costs, expenses and fees for both children," this obligation to pay expenses does not include rent, automobile expenses, clothes, telephone fees, or personal living expenses.
It is well settled that when reviewing matters relating to child support, this court will not disturb the trial court's judgment absent a showing that the ruling is not supported by the evidence and thus is plainly and palpably wrong.[1] Bowen v. Bowen, 817 So.2d 717
(Ala.Civ.App. 2001); Payne v. Payne, 806 So.2d 398 (Ala.Civ.App. 2001);Berryhill v. Reeves, 705 So.2d 505 (Ala.Civ.App. 1997). Furthermore, "matters of child support are within the sound discretion of the trial court and will not be disturbed absent evidence of an abuse of discretion or evidence that the judgment is plainly and palpably wrong." Spencer v.Spencer, 812 So.2d 1284, 1286 (Ala.Civ.App. 2001).
The trial court heard ore tenus evidence indicating that the older daughter first attended a satellite campus of Faulkner University for two years before transferring to Auburn University to complete her undergraduate degree in education. The *Page 846 
first two years of her education were fully paid for through scholarships and grants. Therefore, neither the former husband nor the former wife was responsible for any costs associated with the daughter's two years at Faulkner University. The daughter then transferred to Auburn University, where she received small grants and took out federal loans for her school expenses. Upon agreement of the parties, the former father placed $300 each month in a non-check-writing account to be used by the daughter for school expenses during her two years at Auburn University. In addition to the monthly $300 payments from her father, the daughter received $300 from her mother which she used to pay for living expenses, car expenses, and medical expenses. (R. 63)
During her testimony, the daughter presented an itemized spreadsheet of her school expenses for the trial court's consideration. Among the items included in this spreadsheet were tuition fees; book expenses; class-supply expenses; room and board; automobile expenses, including gas, insurance, and repairs; household expenses including all utility expenses; and personal expenses, including clothes and telephone costs. The itemized expenses outlined on the spreadsheet totaled $25,038. After the amount of payments totaling $7,606 made by the former husband were deducted, the outstanding balance on the daughter's expense spreadsheet totaled $17,432.
The divorce agreement provided for postminority support of the parties' two children. It is undisputed that the former husband was obligated through this agreement to pay postminority educational support for "the higher education costs, expenses and fees" for both of his children; however, the agreement does not define or outline what those costs, expenses, and fees entail. Therefore, the agreement required interpretation by the trial court because the agreement itself did not define those terms.
A thorough review of the record on appeal and the trial court's final order reveals that the trial court may have considered the total amount of loans the daughter received to pay for her two years at Auburn University in finding that the former husband owed the former wife $14,000 in postminority-support arrearage after having already paid $7,606 toward his daughter's undergraduate education. In addition, the trial court noted in its order that those loans went to pay for the daughter's expenses as well as her tuition, books, and fees while she was attending Auburn University. In light of the foregoing, it is clear that the trial court interpreted "higher education costs, expenses and fees" to include automobile expenses, utility bills, moving expenses, clothing costs, telephone costs, and general personal expenses. We conclude that this interpretation is unreasonable and that the trial court's judgment is due to be reversed.
In Simpkins v. Simpkins, 595 So.2d 493, 494 (Ala.Civ.App. 1991), this court considered a postminority-support provision, included in the parties' divorce judgment, containing specific language stating the "`[h]usband shall pay for the college education of children including tuition, books and their reasonable living expenses.'" (Emphasis omitted.) Unlike the postminority-support provision in the instant case, this particular provision specifically provided for living expenses. Relying on this specific language, we upheld the judgment of the court awarding the former wife educational expenses and reasonable living expenses where they were provided for in the divorce judgment. Simpkins, 595 So.2d at 495.
Moreover, this court previously upheld a trial court's interpretation of "necessary and reasonable education expenses" as *Page 847 
expenses incurred for books, fees, tuition, and room and board. Scott v.Scott, 401 So.2d 92, 96 (Ala.Civ.App. 1981). In doing so, we found this interpretation to be reasonable because anyone attending college will be required to pay for these expenses. Id. However, in the instant case, the trial court went far beyond those basic expenses and found that every expense incurred by the daughter during her two years at Auburn University was covered under the divorce agreement. We are not willing to say that automobile expenses, clothing costs, telephone costs, and general personal expenses are correctly included within the vague terms of "higher education costs, expenses and fees." Thus, the trial court abused its discretion in awarding postminority support in the amount of $14,000, beyond the $7,606 already paid by the former husband towards postminority support; this amount far exceeded the amount necessary to cover the "higher education costs, expenses and fees" provided for in the divorce agreement.
Based on the foregoing, we conclude that the trial court erred in interpreting "higher education costs, expenses and fees" to include automobile expenses, household expenses, and personal expenses. Therefore, the trial court's judgment awarding the former wife $14,000 in postminority support is reversed. On remand, we instruct the trial court to properly recalculate the postminority support due in accordance with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Crawley, J., concurs.
Yates, P.J., and Thompson and Murdock, JJ., concur in the result.
[1] We note that the principles that apply to child support also apply to postminority educational support. Stinson v. Stinson, 729 So.2d 864
(Ala.Civ.App. 1998).