BRYAN, Judge,
concurring in part, concurring in the result in part, and dissenting in part.
I join Judge Moore’s writing on all points. However, I write separately because I conclude that the trial court erred in awarding the wife attorney fees for additional reasons not expressed in Part II of Judge Moore’s writing; specifically, I conclude that the trial court erred in awarding the wife attorney fees because the wife neither requested attorney fees nor presented any evidence regarding her need for such assistance. See Cinader v. Cinader, 367 So.2d 487, 488 (Ala.Civ.App. 1979) (“[A] request [for attorney fees] must be made, and evidence of financial need and performance of the service shown before the authority of the court to grant such fees is properly invoked.”); McKim v. McKim, 440 So.2d 562, 563 (Ala.Civ.App.1983) (reversing the trial court’s judgment insofar as it awarded the father in that case attorney fees because the father had made no request for attorney fees and had presented no evidence “indicating a financial need ... for such assistance, nor a financial ability of the mother to pay it”); Kelley v. Kelley, 414 So.2d 126, 129 (Ala.Civ.App.1982) (reversing the trial court’s judgment insofar as it awarded the plaintiff in that case attorney fees “[bjecause of the absence of any request for an attorney’s fee and [because] that issue was not tried by either express or implied consent of the parties ....”); see also Lewis v. Lewis, 416 So.2d 755, 759 (Ala.Civ.App.1982) (concluding that the trial court did not err by failing to award the wife in that case attorney fees because the wife had presented “no evidence ... as to the value of [her attorney’s] legal services ....”).
MOORE, J., concurs.