Alabama is the responding state in an action brought by the mother of two minor children residing in the state of Maine, under the Uniform Reciprocal Enforcement Support Act, §§30-4-80 to 98, Code of Alabama (1975), against the father, a resident of Alabama.
After hearing, the Circuit Court of Montgomery County, Alabama, rendered judgment against the father and ordered payment of support in the amount of $75 per month beginning November 15, 1980. The father appealed. *Page 1004 
The case is presented to this court on the sole issue of whether the judgment is erroneous in that it overruled a prior Alabama divorce decree rendered in 1974.
The brief facts are that the husband obtained a decree of divorce by default in Montgomery County, Alabama, on November 5, 1974. A motion to set aside the decree filed by the wife was denied on December 4, 1974. The custody of the children was not determined in that decree nor was there an order for support. There was typed into the printed form for a divorce decree the following: "That petitioner waives his right of visitation in lieu of paying child support." That entry is the basis of this appeal.
Appellant submits the argument that the quoted statement in the divorce is a determination that he owed no duty of support, and for the court in this case to order support violates § 30-4-93 (b) of the Code of Alabama (1975). Section 30-4-93 (b) provides as follows:
 (b) Any order of support issued by a court of this state when acting as a responding state shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both.
The argument of appellant is, to put it charitably, totally unacceptable. In the first place, the contention that the strange provision in the divorce decree constitutes a judicial holding of no duty to support is as strange as the provision itself. The waiver of rights of visitation in exchange for release from the duty of child support is a legal impossibility. This court has held that the right to support of a child from its parents is inherent and cannot be waived by the parents even by agreement. See, Percer v. Percer,370 So.2d 308 (Ala.Civ.App.), cert. denied, 370 So.2d 311 (Ala. 1979); 15 A Ala. Digest, Parent Child, Key No. 3.1 (8).
In the second place, the statute is being misinterpreted. The order of support in a case of reciprocal support does not in any manner "supersede," overcome or replace an order of child support in a divorce case — that is exactly what the statute says. However, the order in such a case is cumulative; that also is provided by statute. Section 30-4-98 provides: "The remedies provided in this article are in addition to and not in substitution for any other remedies." Therefore, an order, as appellant contends is in the divorce decree, even if existent, would not bar the judgment below.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.