This is an action brought by the mother of two minor children residing in the state of Georgia, under the Uniform Reciprocal Enforcement of Support Act (URESA), against the father, a resident of Alabama.
The Family Court of Jefferson County entered a judgment against the father and ordered payment of support in the amount of $200 per month per child. The father, *Page 114 
through able counsel, appeals and we affirm.
The father contends that an action brought pursuant to URESA was not appropriate, that the URESA petition should not have been entered into evidence, that venue is not proper in Jefferson County, and that the trial court abused its discretion in the amount of child support payments.
The facts in pertinent part are that the mother and father were married in May of 1969. The father adopted the mother's two children from a previous marriage. Within two years the parties were divorced, and later the mother and children moved to Georgia.
Under the original divorce decree, the mother was given the complete care, custody, and control of the children, and the father was not ordered to make any support payments.
Eleven years after the divorce, the mother initiated an action under the Uniform Reciprocal Enforcement of Support Act, seeking to impose a child support obligation on the father.
As stated, after trial the court ordered the father to pay support to the children, who were at the time of trial eighteen years eleven months old and seventeen years five months old, in an amount of $200 per month per child.
At this point, we note the father alludes to the prospect that this court may not have appellate jurisdiction of this case. We believe that under Rule 28, Alabama Rules of Juvenile Procedure, and in accordance with Wright v. Montgomery CountyDepartment of Pensions and Security, 423 So.2d 256
(Ala.Civ.App. 1982), appellate jurisdiction is proper in this court.
The father contends that the URESA action was not a proper action in this case because there was no duty of support and that a modification proceeding should have been initiated in order to gain support payments from the father.
We have stated that there is always a duty of support by a parent even when the divorce decree gives custody to the mother and does not order support from the father. The right to support is inherent and it cannot be waived even by agreement.Willis v. Levesque, 402 So.2d 1003 (Ala.Civ.App. 1981).
The purpose of URESA is to improve and extend the enforcement of duties of support and to make the support laws of states that adopt the act uniform. Ex parte O'Neill, 420 So.2d 264
(Ala. 1982).
Under Alabama's URESA, section 30-4-81, Ala. Code (1975), the duty of support is defined as that "imposed or imposable by law or by any court order, decree or adjudgment, whether interlocutory or final, whether incidental to a proceeding for divorce, judicial separation, separate maintenance or otherwise." (Emphasis added.)
In Armstrong v. Sparks, 360 So.2d 1012 (Ala.Civ.App. 1978), this court stated that if the original divorce decree makes no provision for the support of a child, the proof of changed circumstance that is required in a modification proceeding is not relevant because there is nothing to modify. Thus, a modification proceeding is not appropriate and proof of changed circumstances is not required.
Here, there was no provision for the support of the children by the father in the original divorce decree and, therefore, nothing to modify. Because the father had adopted the children, under Alabama law, as a parent, the inherent duty to support is always imposable, and the URESA action was properly initiated.
We further note the following found in Willis v. Levesque,402 So.2d 1003, 1004 (Ala.Civ.App. 1981):
 "The order of support in a case of reciprocal support does not in any manner `supersede,' overcome or replace an order of child support in a divorce case — that is exactly what the statute says. However, the order in such a case is cumulative; that also is provided by statute. Section 30-4-98 provides: `The remedies provided in this article are in addition to and *Page 115 
not in substitution for any other remedies.'"
Since this is not a modification proceeding and the remedies are "in addition to" those given and not meant to "supersede" the original divorce decree, it clearly appears that the URESA action was proper.
The father next contends that the trial court erred in admitting the URESA petition into evidence because it contained inaccuracies which the father denied.
In O'Hara v. Floyd, 47 Ala. App. 619, 622, 259 So.2d 673, 675
(1972), in a URESA action, this court stated the following:
 "If the defendant appears and files answer denying or traversing the allegations of the petition, the duty is upon petitioner to prove her claim with legal evidence as in any other case. The act provides such evidence may be obtained by interrogatories or depositions taken either in or out of the responding state. Of course, any other legal evidence may be offered."
Here, the father denied the allegations of the petition, and the court ordered the mother to submit to a deposition concerning the matters set forth in the petition. Documents were also ordered to be produced.
The deposition was taken in which the father had a right of cross-examination. This, along with the documents that were produced, was entered into evidence.
It appears that there was ample evidence in the deposition and documents from which the trial court could find a duty of support independent of the petition. Even though there were inaccuracies in the petition, in view of the ample evidence that was introduced by deposition, these inaccuracies appear to this court to be harmless error. See Rule 45, Alabama Rules of Appellate Procedure.
Hence, there was no reversible error in admitting the petition into evidence.
Thirdly, the father argues that venue is improper in Jefferson County and that the action should have been brought in Montgomery County, where the original divorce decree was entered.
The father's contentions for improper venue are grounded on the assumption that this action is a modification proceeding.
Section 30-3-5, Ala. Code (1975), states that venue of all proceedings or petitions or other actions seeking modification of a final decree is in the original court granting custody of the minor children or in the county where both the custodial parent and the minor children live.
It appears that this statute applies only to petitions to modify an order of divorce. As stated earlier, this case is not a modification proceeding because there is nothing to modify.See Armstrong v. Sparks, 360 So.2d 1012 (Ala.Civ.App. 1978). Therefore, under this authority, venue is not improper in Jefferson County.
Because the URESA law was designed to provide a convenient way to cause those who are obligated to support their minor children to do so, and under the authority of the venue law of this state, it appears that venue would be proper in Jefferson County, where the father resides. See generally Rule 82, Alabama Rules of Civil Procedure.
Finally, the father contends that there is not sufficient evidence to substantiate the amount of child support and that this court must examine the evidence without any presumption in favor of the trial court.
There was evidence that the wife had a substantial income, lived in a large house, and owned several cars. However, there was additional evidence that the wife owed money on the house, both to a former husband and to a mortgage company, and also owed amounts on the cars that she owned.
There was also testimony that the son is in college, living in a dormitory, and that the daughter experiences mental problems, which required her to stay in a psychiatric hospital for five months in 1983.
It was stipulated that the father earns $420 per week as a salesman and lives with his wife and stepchild.
The concern of this court must be the best interest of the children, and the *Page 116 
issue of child support should not be viewed as a contest between the parents. In addition, the fact that the mother earns more than the father does not relieve him of his duty to support. Hamilton v. Hamilton, 428 So.2d 65 (Ala.Civ.App. 1983).
The amount of child support to be awarded depends upon the needs of the children and the ability of the parent to pay.Johnson v. Johnson, 446 So.2d 622 (Ala.Civ.App. 1983).
We note here that the son reached majority two weeks after the court entered its judgment, and the father was apparently only required to support the son for that two-week period.
In view of the father's income, the disability of the daughter, and the apparent length of the support, it appears to this court that there was evidence to support the trial court's award of child support, and such support would be in the best interest of the children.
Therefore, this case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.