ROBERTSON, Presiding Judge.
This is an appeal from the dismissal of a Uniform Reciprocal Enforcement of Support Act (URESA) case.
Dennis Vaughn (father) and Vanessa Vaughn (mother) were divorced in the Circuit Court of Russell County, Alabama in April 1985. The father was ordered to make child support payments of $162.50 per month for the parties’ minor child. The payments were to be made to the maternal grandmother at the mother’s request, and who, according to the divorce decree, had physical custody of the child. The record testimony in this case reflects that the mother was residing in Columbus, Georgia at the time of the divorce.
In 1990, the mother filed this URESA action in Columbus, Georgia, claiming an arrearage, seeking an increase in child support, and for payments to be made to her instead of the maternal grandmother. The URESA petition was subsequently filed in the District Court of Russell County, Alabama. The father filed a motion to dismiss alleging that he was current in all support payments, that the divorce decree provided that the support payments were to be made to the maternal grandmother, and that the URESA petition was an improper attempt to modify the divorce decree. After a hearing on this motion was held in district court, the trial court judge dismissed the URESA petition. The State filed an appeal to the circuit court.
In the trial de novo in circuit court, the father renewed his motion to dismiss. It was undisputed that the father was current on his child support payments of $162.50 per month. The mother testified that she had filed to get an increase in child support and to change the payee from her mother to herself. The mother further testified that she receives the monthly child support payments through her mother and that the father is not behind on any of his child support obligations. She also testified that she had been told in Georgia that to get an increase in child support, “[t]hey said that I — since I was living in Georgia, I had to file in Georgia.”
The trial court granted the father’s motion to dismiss, stating that the URESA petition was not the proper way to modify the divorce decree.
The State of Alabama ex rel. Vanessa Vaughn appeals to this court and raises the sole issue of whether the trial court committed reversible error by dismissing the URESA petition.
Our supreme court has held that “the civil proceedings authorized by [URESA] are designed to provide a simplified, fair, and convenient way to compel those who have a duty of support to fulfill their obligation without having to be extradited to another state.” Ex parte O’Neill, 420 So.2d 264, 265 (Ala.1982).
Here, it is clear from the record that the father has been fulfilling his obligation to support his child pursuant to the divorce decree and that there was no reason to “compel” him to do something he was already doing. The mother simply wanted more child support and wanted to be the payee herself, rather than the maternal grandmother. We hold that the trial court did not commit reversible error by dismissing the URESA action.
The father filed a motion to dismiss this appeal which was opposed by the State. We note from the exhibits to the motion to dismiss that, while this appeal was pending, the mother and father entered into an agreement, and the circuit court has entered an order modifying the divorce decree by increasing the child support and making the mother the payee.
This case is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ„ concur.