THIGPEN, Judge.
This is an appeal from a petition brought pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA). Ala. Code 1975, §§ 30-4-80 through -98.
Vickie L. Johnson (mother) and Robert W. Letson (father) divorced in Bay County, Florida (Bay County), in April 1980. The mother was granted custody of their minor child and the father was ordered to pay $80 per month as child support.
The record discloses that in December 1984, the mother filed a petition in Bay County, where she and the minor child reside, for enforcement of the support decree under the URESA, alleging that the father’s support obligation was in arrears. Pursuant to the provisions of the URESA, the Bay County court forwarded the case to the District Court of Chambers County, Alabama, where the father resides. That court ordered the father to pay $80 per month as child support.
In November 1988, the State of Alabama, on behalf of the mother, initiated a URESA contempt action against the father in the Chambers County District Court, alleging that the father was in arrears in his support obligation. The trial court declared the father to be in contempt for willful failure to pay the ordered support and suspended the sentence conditioned on the father paying $80 per month support, plus an additional $20 per month toward the ar-rearage of $875.
In 1990, the mother filed another support enforcement petition in Bay County, which was forwarded to the Chambers County District Court in accordance with the URE-SA requirements. The mother claimed an arrearage totalling $463, and requested an “upward modification of the child support.” The district court denied and dismissed the petition “due to [fatherjs visitation being denied.” On behalf of the mother, the State appealed to the circuit court for a trial de novo.
The father’s motion to dismiss was denied, and after a hearing, the trial court entered an order on June 20, 1991, setting the monthly child support obligation of the father at $313 following the guidelines of *476 Rule 32, Alabama Rules of Judicial Administration. That order was silent regarding the alleged arrearage. After the father’s post-judgment motion and request for stay was denied, the father appealed.
The father raises, numerous issues on appeal; however, we find that the disposi-tive issue is whether the trial court erred when it entered an order establishing the child support obligation at an amount which was higher than the amount of support ordered by the Florida divorce decree and the previous URESA order.
The entry of an order pursuant to the URESA which sets future child support at a higher amount than that previously ordered by another state has been upheld when it was determined that such order was not a modification of the sister state’s decree, but is an entirely new order of support. Barnes v. State ex rel. State of Virginia, 558 So.2d 948 (Ala.Civ.App.1990). That is due to the provisions of Ala.Code 1975, § 30-4-98, which clearly express that “[t]he remedies provided in this article are in addition to and not in substitution for any other remedies.” The law is clear that the Alabama URESA orders are supplemental orders for the enforcement of the duty of support owed in another state. The original support decree remains unchanged, i.e., it has not been modified by an order obtained pursuant to the URESA. See Barnes, supra.
Proceedings pursuant to the URESA “are designed to provide a simplified, fair and convenient way to compel those who have a duty of support to fulfill their obligation without having to be extradited to another state.” Ex parte O’Neill, 420 So.2d 264, 265 (Ala.1982). The remedial nature of the act allows liberal construction to achieve its object. O’Hara v. Floyd, 47 Ala.App. 619, 259 So.2d 673 (Ala.Civ.App.1972).
The father, in the instant case, does not challenge that he owes a duty of support. He challenges the amount of his support obligation. If the trial court of the responding state in a URESA proceeding finds that a duty of support exists, it may order an enforcement of this duty. See O’Neill v. O’Neill, 420 So.2d 261 (Ala.Civ.App.), aff’d, Ex parte O’Neill, 420 So.2d 264 (Ala.1982). An order enforcing the father’s duty to support this child was entered pursuant to an action under the URE-SA in 1988. Although the mother alleged an arrearage under that 1988 URESA order in the instant action, the trial court order was silent to that arrearage. It is significant that there is evidence in the record indicating that at the time of the hearing, the parties agreed that the father was current in the support obligation of that order.
The father raises numerous issues and makes several assertions concerning modifications of divorce decrees. He argues that an action pursuant to the URESA cannot modify the amount of support due under a divorce decree of a sister state. He argues that the Parental Kidnapping Prevention Act prevents modification of a divorce decree of another state when the child resides in that state. He also contends that he was denied due process and equal protection rights.
He correctly asserts that pursuant to Ala.Code 1975, § 30-3-5, jurisdiction to modify a Florida divorce decree awarding support is not proper in Alabama. He also correctly asserts that to modify a child support obligation in Alabama requires a showing of changed circumstances. Here, however, we are not concerned with a modification. We are concerned with a petition filed pursuant to URESA which is a supplemental petition seeking to enforce the father’s duty to support his child. Ala.Code 1975, § 30-4-98. See also Northcutt v. Cleveland, 464 So.2d 112 (Ala.Civ.App.1985). The law is clear that an action pursuant to the URESA is not a substitution for other available remedies. Ala. Code 1975, § 30-4-98. See State ex rel. Van Buren County Department of Social Services v. Dempsey, 600 So.2d 1019 (Ala.Civ.App.1992).
Aptly stated, “The duty of support is the gist and brunt of the litigation in the responding state.” O’Neill, at 263. In the instant case, that duty is accepted by the father, and an enforceable URESA already *477 exists. The trial court did not expressly find an arrearage owing nor did the evidence indicate an arrearage due as the mother alleged in her petition. In fact, the evidence is clear that the father was current with his obligation under the 1988 URESA order.
A fundamental purpose of actions pursuant to the URESA is to compel support owed to a child by the parent. Ala.Code 1975, § 30-4-80. In the instant case, that has already been accomplished by a prior URESA order. Accordingly, this case is due to be reversed and remanded to the trial court for entry of an order vacating the order of June 20, 1991.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and RUSSELL, J„ concur.