RUSSELL, Judge.
This action originated with the filing in the juvenile court of a uniform support petition, pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), §§ 30-4-80 through -98, Ala.Code 1975. The State of Florida sought reimbursement from William Ray Summerlin (father) for support it had paid to Carolyn Summerlin (mother) for the benefit of the parties’ child, while the mother and the child lived in Florida. The amount of aid paid by Florida to the mother from September 1989 to March 1990 and the amount of the mother’s current expenses were indicated by sworn testimony. A copy of the parties’ Alabama divorce decree was also included, which indicated that each parent was awarded primary custody of one of their two children, with no child support to be paid. After a hearing before a referee, a court-approved order was entered that set the amount of support due to Florida at $1,301, to be paid at the rate of $25 per month. The father asked for a rehearing before the juvenile court. The juvenile court rendered the prior order null and void and denied the petition for reimbursement.
The state of Alabama on behalf of the mother (state) filed an appeal for a trial de novo in the circuit court. The matter was submitted to the court on a stipulation of facts and briefs of the parties. The trial court found that, because the final divorce decree incorporating the parties’ agreement imposed on the father a duty to support the children only when they were in his custody and the mother had a duty to support the children when they were in her custody, the father had no duty to support during the period of time for which Florida is requesting reimbursement of support. The state appeals. We affirm.
The state contends that the trial court erred in failing to issue a judgment against the father for reimbursement for aid paid by Florida for the benefit of the child. It claims that the trial court’s ruling violates Alabama law and is against the public policy of this state because, it claims, a father is bound by law to support his child and the right of support cannot be waived by agreement of the parties. It further states that the payment of state financial aid evidences the need of the child and that the father’s circumstances do not show that he cannot provide for the child.
*539 The State admits that where a decree limits the amount of support, only that amount of support may be ordered reimbursed; however, if a parent does not have a prior duty to pay support under an agreement or a decree, reimbursement may be for the full amount provided, if the parent has the ability to pay. See Ala.Code 1975, § 38-10-6; State ex rel. Van Buren County Department of Social Services v. Dempsey, 600 So.2d 1019 (Ala.Civ.App.1992).
In the present case we note that during the period of time that support was paid by Florida, the father had been awarded the care, custody, and control of one child for the nine months of the school year and of the other child for the three summer months. The mother had been awarded the care, custody, and control of the children during the alternate times. Although the agreement stated that there would be no child support payments, we find that the father was obligated to support his children during the time that they were with him and that, therefore, the amount of payment is limited to the amount needed for that support. A parent’s preexisting duty of support under a divorce decree may not be superseded by an order of support issued under URESA. Van Burén County, 600 So.2d 1019.
There is no evidence that indicates that the father did not provide the needed support when the children were in his custody. Therefore, the trial court’s judgment is due to be affirmed.
AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., concurs in result only.