634 So.2d 539 (1993)
Ex parte STATE of Alabama ex rel. Carolyn SUMMERLIN.
(Re STATE of Alabama ex rel. Carolyn SUMMERLIN v. William Ray SUMMERLIN).
1920628.
Supreme Court of Alabama.
December 17, 1993.
*540 William Prendergast and Mary E. Pons, Asst. Attys. Gen., for petitioner.
William Ray Summerlin, pro se.
MADDOX, Justice.
This child support case, arising under the Uniform Reciprocal Enforcement of Support Act (URESA), §§ 30-4-80 to -98, Ala.Code 1975, presents a novel legal question: Does a noncustodial parent have a duty to support his or her minor child even when the parents' divorce judgment specifically provides that "The parties agree that there will be no child support payments"?
We hold that all minor children have a fundamental right to parental support and that the divorce judgment in this case does not relieve either parent of the obligation to support a child, even though the child is not in his or her custody. We reverse the judgment of the Court of Civil Appeals and remand the cause to that court.
The facts in this case are not in dispute. Carolyn and William Summerlin were married on May 27, 1970; they divorced on March 11, 1988. (R. 48.) Carolyn Summerlin and Terri Renea Summerlin, the minor daughter of the Summerlins, subsequently moved from Hueytown, Alabama, to Milton, Florida. Carolyn Summerlin's income is stated on the "General Testimony for URESA" form, completed when the URESA action began, as $402 a month, which she received from public assistance. (R. 30.) Carolyn Summerlin applied for assistance through the Aid to Families with Dependent Children program (AFDC), and was paid a total of $1,301 in aid by the State of Florida. William Ray Summerlin is employed "as a security guard making at least minimum wage at a 40 hour work week." (R. 115.) Mr. Summerlin does not argue that he does not have the ability to pay, but argues that he does not have a duty to pay.
The State of Alabama, on the relation of Carolyn Summerlin, filed a support petition in the juvenile court, pursuant to URESA, seeking reimbursement for AFDC paid by the State of Florida for the benefit of Terri Renea Summerlin, minor child of William Ray Summerlin and Carolyn Summerlin. The court initially issued an order directing William Summerlin to reimburse the State of Florida for benefits paid from September 1989 through March 1990 in the amount of $1,301, in monthly installments of $25, but, on rehearing, the juvenile court set aside that order on the ground that under the terms of the divorce judgment Mr. Summerlin had had no duty to support Terri Renea during that period.
The State appealed for a trial de novo in the Circuit Court of Jefferson County, Bessemer Division. That court also held that Mr. Summerlin had had no duty to support his minor child, Terri Renea Summerlin, based upon the divorce judgment. The divorce judgment provides, in pertinent part:
"(a) The care, custody and control of the minor child of the marriage, Donna Sue Summerlin, age 17, is awarded to the plaintiff for the nine school months and the defendant shall have care, custody and *541 control of the said minor child during the three summer months.
"(b) The care, custody and control of the minor child of the marriage, Terri Renea Summerlin, age 15, is awarded to the defendant for the nine school months and the plaintiff shall have care, custody and control of said minor child during the three summer months.
"(c) Each party shall have the right of reasonable visitation with the said minor children.
"(d) The parties agree that there will be no child support payments."
(R. 49-50.) That judgment was interpreted by the circuit court in the present action as providing that Mr. Summerlin's obligation to support his children was limited to the amount needed for their support during the time the children were in his custody. The Court of Civil Appeals affirmed, stating:
"[T]he father had been awarded the care, custody, and control of one child for the nine months of the school year and of the other child for the three summer months. The mother had been awarded the care, custody, and control of the children during the alternate times. Although the agreement stated that there would be no child support payments, we find that the father was obligated to support his children during the time that they were with him and that, therefore, the amount of payment is limited to the amount needed for that support."
State ex rel. Summerlin v. Summerlin, 634 So.2d 537 (Ala.Civ.App.1992). This Court granted the State's petition for certiorari review.
The primary issue to be determined by a juvenile court in an action under URESA is whether the defendant has an obligation of support. State ex rel. Van Buren Cty. Dep't of Social Services v. Dempsey, 600 So.2d 1019 (Ala.Civ.App.1992). The juvenile court is not authorized by URESA to determine issues arising from a divorce judgment unless they are determinative of the defendant's duty to support. Id.
Under § 38-10-6, Ala.Code 1975, a state agency caring for a child can recover reimbursement from a parent only for the amount of support the parent is already required to pay pursuant to a divorce judgment or some legal agreement. Id. If a parent's obligation has not been set at a particular amount by a judgment or an agreement, the state agency is entitled to reimbursement for the full amount of support it has provided to the child, if the parent has the ability to pay. Johns v. Johns, 500 So.2d 1160 (Ala.Civ.App. 1986).
Therefore, the principal question is whether the divorce judgment in this case required Mr. Summerlin to pay support. It did not. It stated that "[t]he parties agree that there will be no child support payments." That statement does not eliminate either parent's duty to support, however. All minor children have a fundamental right to parental support and that right is deemed to be a continuing right until the age of majority. Williams v. State, 504 So.2d 282, 283-84 (Ala.Civ.App.1986). A parent's duty to support a minor child exists regardless of whether that parent is the custodian. Cunningham v. Cunningham, 480 So.2d 1238 (Ala. Civ.App.1985), appeal after remand, 500 So.2d 22 (Ala.Civ.App.1986). The courts have often held that a divorce judgment stating that no child support payments are required does not limit the duty to support. In Willis v. Levesque, 402 So.2d 1003 (Ala.Civ. App.1981), the divorce judgment did not include a child support order. The father argued that he owed no duty of support, based upon the following statement typed on the divorce judgment: "[P]etitioner waives his right of visitation in lieu of paying child support." The Court of Civil Appeals held that the right to support cannot be waived by agreement and that an "order of support in a case of reciprocal support does not in any manner `supersede,' overcome or replace an order of child support in a divorce case" and that "the order in such a case is cumulative." 402 So.2d at 1004.
In Northcutt v. Cleveland, 464 So.2d 112 (Ala.Civ.App.1985), the original divorce judgment granted the mother the complete care, custody, and control of the children, but did not contain an order of support. The mother brought a URESA action against the father, *542 and the trial court ordered him to pay support in the amount of $200 per month per child. The Court of Civil Appeals held that a URESA petition was proper because there had been no support order in the divorce judgment, and that the order to pay support was not a modification of the original divorce judgment. The Court of Civil Appeals also stated, "[T]here is always a duty of support by a parent even when the divorce decree gives custody to the mother and does not order support from the father." 464 So.2d at 114. Therefore, if there is no duty of support specifically imposed under the divorce judgment, such a duty is "imposable" within the meaning of URESA, § 30-4-81(6), Ala. Code 1975.
The majority in Ex parte University of South Alabama, 541 So.2d 535, 538 (Ala. 1989), declared, "We will do nothing to circumvent the fundamental right of a child to financial support from its parents, wherever they live and whether [they] live together or apart."
We hold, as the Court of Civil Appeals did in Willis, that "the right to support of a child from its parents is inherent and cannot be waived by the parents even by agreement," 402 So.2d at 1004, citing Percer v. Percer, 370 So.2d 308 (Ala.Civ.App.), cert. denied, 370 So.2d 311 (Ala.1979); see the cases collected at 15A Ala.Digest, Parent and Child, Key No. 3.1(8).
Based on the foregoing, we reverse the judgment of the Court of Civil Appeals and remand the case to that court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, HOUSTON, STEAGALL and COOK, JJ., concur.
INGRAM, J., dissents.
INGRAM, Justice (dissenting).
Although I agree with the majority that all minor children have a fundamental right to parental support, I do not agree that the father in this case has failed to support his children. This case does not present the usual scenario, where one parent is awarded primary custody of the minor child and the other parent is ordered to pay child support. Rather, in this case, each parent was awarded custody of one child, with the custodial parent being responsible for the support and maintenance of that child. Although the poor wording of the divorce judgment may have suggested that there was no child support awarded, I find that there was an obligation placed on each parent to support and maintain the minor child whose custody he or she was awarded.
In my opinion, this Court has now modified the divorce judgment to place an additional duty on the father. He not only has to provide the support for the child that he has primary custody of, but he must also be responsible for the support of the child that the wife has custody ofa child that, under my interpretation of the divorce judgment, she was required to support. I think this was not what the original divorce judgment required; therefore, I agree with the trial court and the Court of Civil Appeals that a URESA action would not lie against the father in this instance. A parent's preexisting duty of support under a divorce judgment may not be superseded by an order of support issued under URESA. State ex rel. Van Buren County Department of Social Services v. Dempsey, 600 So.2d 1019 (Ala. Civ.App.1992).
It would appear to me that the proper course would have been for the mother to file a child support modification action against the father to require that he begin supporting the child in the mother's custody. However, as stated above, I do not think a URESA action is proper under these facts. I think that under the divorce judgment, the father has met the duty of support imposed upon him by the Alabama court and I would hold that the State of Florida cannot recover against him for the amount it paid to the mother.