RICHARD L. HOLMES, Retired Appellate Judge.
This is a divorce and child custody case.
This case has previously been before this court. See Lester v. Lester, 628 So.2d 663 (Ala.Civ.App.1993).
In the previous appeal Taraz Rae Lester (wife) was appealing the trial court’s denial of her Rule 60(b), A.R.Civ.P., motion. The grounds stated in her motion were that the 1989 judgment of divorce was void because the trial court lacked personal jurisdiction due to the fact that there had been no valid service of process on the wife. This court found that the service by publication was insufficient to invoke personal jurisdiction over the wife because the affidavit of John Howard Lester, Jr. (husband), was deficient under Rule 4.3(d)(1), A.R.Civ.P. The case *1375 was remanded to the trial court with directions to set aside the 1989 judgment of divorce.
In May 1992 the wife and her attorney made a special appearance at the hearing on the Rule 60(b) motion which was the subject on the prior appeal before this court. While the wife was present in the courtroom for the purpose of contesting the trial court’s “jurisdiction” over her when rendering the 1989 divorce decree, the husband had a copy of a summons and the divorce petition served upon the wife.
After this case was remanded to the trial court following the previous appeal, the husband filed a motion, requesting that a final hearing be set. The husband’s position was that the service of the summons and complaint upon the wife during the hearing on the Rule 60(b) motion was a valid service of process which gave the trial court personal jurisdiction over the wife.
The wife filed a motion to dismiss, alleging that the trial court had no personal jurisdiction over her and that there was insufficiency of service of process. The trial court denied the motion to dismiss. Thereafter, the final judgment of divorce was rendered in the absence of the wife. This judgment was rendered on September 17, 1993.
The wife appeals. We reverse and remand.
The dispositive issue which we must address is whether a non-resident, who has not previously and properly been served, and who enters an appearance for the purpose of contesting the service of process, may be personally served while in open court for the hearing on the matter of whether she has previously and properly been served.
We note at this juncture that after this court remanded the case to the trial court with directions to set aside the 1989 judgment of divorce, the trial court determined that the case was at issue and set the matter for trial on September 17, 1993. The trial court relied on the service of the wife during the hearing on the Rule 60(b) motion as a valid service of process.
As previously noted, the wife’s attorney filed a motion to dismiss, based upon lack of jurisdiction and insufficiency of process. This motion was argued on September 17, 1993. After hearing the arguments on the motion, the trial court determined that there was valid service of process on the wife and called the case for trial. After colloquy regarding the actions of the trial court, the wife and her attorney refused to participate in the proceedings. As indicated, the case proceeded to trial, and the trial court entered a final decree of divorce dated September 17, 1993.
The principle of law which governs the resolution of this appeal is called “immunity from process.”
The doctrine is perhaps best described in Stewart v. Ramsay, 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192 (1916). The rationale of the doctrine is as follows:
“It is founded in the necessities of the judicial administration, which would be often embarrassed, and sometimes interrupted, if the suitor might be vexed with process while attending upon the court for the protection of his rights, or the witness while attending to testify.”
Stewart, 242 U.S. at 130, 37 S.Ct. at 46.
However, the doctrine must be invoked cautiously. We find the following statement in 4 C. Wright & A. Miller, Federal Practice and Procedure § 1076, at 500 (2d ed. 1987): “The longstanding philosophy of the ... courts has been that immunity should not be granted for the convenience of the person seeking it, but is for the convenience of the court and should be made available only to farther the administration of justice.” (Emphasis added.)
This court has previously recognized the existence of “immunity from process,” but determined that the issue was not properly before the court at that time. See generally, O’Donohue v. Citizens Bank, 350 So.2d 1049 (Ala.Civ.App.1977). However, this court can hardly conceive a more appropriate circumstance to invoke immunity from process than the instant case.
The facts, as indicated, are that a litigant, the wife, appeared in court with her attorney to vigorously protest the validity of a prior service of process which this court, on *1376 appeal, found to be invalid. While in the courtroom protesting the invalid prior service of process, the wife was “served.”
When the matter was determined to be at issue and scheduled for trial on September 17, 1993, the wife filed a motion to dismiss. The hearing on the wife’s motion was held on September 17, 1993. After hearing arguments, the trial court denied the motion and immediately called the case for trial. The wife and her attorney refused to participate in the September 17, 1993, trial.
Under these facts and circumstances, it can hardly be said that the service was valid.
This court should not be understood as determining when the immunity from process expires, but only that under these facts, circumstances, and manner of service, the wife was immune from process.
The judgment is due to be reversed and the cause remanded to the trial court for entry of orders not inconsistent with the above opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.