This is a child support case.
In November 1986, Kathryn Rubenstein and Forrest S. Rubenstein divorced in Alabama. The judgment awarded custody of their minor daughter to the mother, and it ordered the father to pay $500 per month in child support. The mother and the child subsequently moved to Dallas, Texas, and the father moved to Birmingham, Alabama.
In January 1992, the mother filed a petition pursuant to the Uniform Reciprocal Enforcement Support Act (URESA) in Dallas, Texas, seeking to increase the father's child support obligation. The father filed a petition in Alabama, seeking to decrease his obligation. The matter was set for a hearing before a referee in Jefferson County, and the referee determined that both parties were underemployed, imputed income to each, and recommended an increase in the father's child support obligation. The father requested a full hearing before a judge, and ultimately, following ore tenus proceedings, the trial court issued an order on January 24, 1994, denying modification. The mother's post-judgment motion was denied; hence, this appeal.
It is noteworthy that although this action was initiated pursuant to the URESA, apparently via pleadings and occurrences not noted in the record or indicated by the parties, the action evolved into a routine post-divorce modification action, with both parties present during the proceedings, and with each party represented by their own private counsel.
The single issue raised by the mother is whether the trial court erred in failing to impute income to the father and failing to increase his child support obligation.
The mother testified that the needs and expenses of the child have increased since the last support order, and that the child, who is exceptionally bright, is involved in numerous school and extracurricular activities. The mother testified that her parents financially "cut her off" in 1991. She argued that the father was voluntarily and intentionally underemployed and that he was avoiding an increase in his child support obligation by maintaining a reduced income level during his daughter's childhood. The record indicates that although the father had earned as much as $161,000 in one year, his current salary in surgical residency was $33,000 annually. The record also discloses that he has some investments. The mother testified that she is self-employed in her own business, which has never made a profit.
The father contended that he had actively sought a surgical residency for several years because he was not currently board certified in any specialty, and that hospitals now desire board-certified employees in emergency rooms. He testified regarding his expenses, his use of his savings each month to meet his expenses, and his inability to engage in part-time employment outside his residency. He further claimed that he provided additional financial assistance to the mother and to his daughter by paying the child's private school tuition and other dues, as well as buying her clothes and paying for afterschool activities, such as gymnastics and scouting activities. *Page 1052 
Additionally, he testified that he had financially assisted the mother in other ways, including lending her money to begin a business, helping her obtain a car loan, and paying her automobile insurance. He further claimed that the mother had rejected his offer to increase payments while his income was higher.
Child support and its subsequent modifications rest soundly within the trial court's discretion, and its judgment regarding such will not be reversed absent an abuse of discretion or a showing that the judgment is plainly and palpably wrong.Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985). A trial court's judgment entered after the court has heard conflicting ore tenus testimony is presumed correct if supported by the evidence, and, absent error, this court is not permitted to substitute its judgment for that of the trial court. Waid v.Waid, 540 So.2d 764 (Ala.Civ.App. 1989). In determining child support, the trial court considers the present ability of the parent to meet the present needs of the child and does not speculate regarding future ability or need. Morrison v.Kirkland, 567 So.2d 363 (Ala.Civ.App. 1990). Furthermore, modification of a child support obligation due to changed circumstances is a matter resting soundly within the trial court's discretion. Young v. Young, 376 So.2d 737
(Ala.Civ.App. 1979).
The mother relies upon Johnson v. Johnson, 597 So.2d 699
(Ala.Civ.App. 1991), to support her position regarding imputing income to the father. In that case, the mother sought to have her child support obligation suspended or substantially reduced after she had voluntarily ceased her employment to become a fulltime student and pursue another degree. By contrast, in the case sub judice, the father continues to meet his monthly child support obligation while pursuing a professional opportunity that could potentially increase his income in the future. He has not ignored his support duties nor the current and continuing financial needs of his child "merely because [his] preference is to pursue something of [his] own desires."Johnson at 702.
Record evidence discloses that the father is attempting to complete a residency program that will enhance his future earning potential, while continuing to meet his current support obligation. An award of child support is not res judicata and is subject to future modification. Griggs v. Griggs,638 So.2d 916 (Ala.Civ.App. 1994). There is ample evidence to support a finding that the father was not voluntarily underemployed; therefore, the trial court did not abuse its discretion by failing to impute income to him and failing to increase his support obligation. Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE and CRAWLEY, JJ., concur.