This action began pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA).
When the parties divorced in South Carolina in 1991, an agreement was incorporated into the divorce judgment whereby the mother was awarded custody of the parties' two minor children, and the father was ordered to pay child support. Ultimately, the father moved to Alabama and the mother moved to North Carolina. In February 1993, the mother filed a petition in North Carolina pursuant to URESA, requesting the establishment of an order for child support. Once in the Alabama court, the father defended by asserting that a valid, enforceable support order existed that was current in payment, and he asserted that the mother had substituted URESA for other legal remedies available. Following a hearing, the trial court granted the father's motion to dismiss the action. The State of Alabama, on behalf of the mother, appeals.
It is undisputed that a valid and enforceable South Carolina divorce judgment, which was only two years old at the time of the URESA petition, established the father's duty of child support and set the amount of his child support obligation. It is also undisputed that at the time of this URESA petition, the father was in full compliance with the prior judgment, and although there was nothing to establish or compel or enforce against him, there were adequate legal remedies *Page 424 
available to seek a modification of the existing order if the mother desired. Rather than hire a private attorney and utilize the remedies available to her via the court's continuing jurisdiction, the mother assigned her rights to collect support, and filed a petition pursuant to URESA in North Carolina. Her choice to substitute a URESA proceeding for another legal remedy provided her with legal counsel without cost to her.
In her verified URESA petition, the mother's general testimony, which the father had no opportunity to cross-examine, was that the parties divorced in 1991, that the mother's estimated gross monthly income was $1500, that the father's estimated gross monthly income was $1500, and that there existed "no support order." Conversely, transmittal forms from the authorities in North Carolina disclosed that therewas an existing order of child support in a specific amount, that no benefits had been paid by the state on behalf of the children, and that "no arrears exist" on the current order.
Upon receipt of the URESA documents, the Alabama Department of Human Resources sought a support order against the father. The private counsel hired by the father prevailed, and the father's counsel now asserts, in defense of the trial court's dismissal, that to hold otherwise would further subject the complying parent to bear the financial burden of defending unnecessary and expensive litigation, would allow the mother to circumvent the law and effectively obtain a modification of the divorce judgment in the juvenile court, would disallow the complying parent the right to cross-examination, would permit a URESA proceeding to be substituted for other available remedies, and would permit abuse of a proceeding designed to accomplish what has, in fact, been previously accomplished by a valid foreign judgment entitled to full faith and credit.
The mother's attempt to obtain more child support via an independent URESA proceeding appears to be an attempt to substitute a supplemental URESA order for modification of the South Carolina divorce judgment. A proceeding to modify an existing child support obligation is a continuation of the prior proceeding, and it "is not an independent action."Brown v. Brown, 476 So.2d 114, 116 (Ala.Civ.App. 1985). Furthermore, the law is clear that a remedy provided by URESA is "not in substitution for any other remedies." Ala. Code 1975, § 30-4-98; State ex rel. Van Buren County Department of SocialServices v. Dempsey, 600 So.2d 1019 (Ala.Civ.App. 1992).
Our careful review of the entire record discloses no grounds upon which to base an action pursuant to URESA in this situation. The father's duty to support his children imposed by a previous order was current in payment. There remained no duty to establish, and nothing outstanding to enforce. Letson v.Johnson, 612 So.2d 475 (Ala.Civ.App. 1992), cert. quashed (1993). Likewise, there is nothing to compel him to do. Vaughnv. Vaughn, 607 So.2d 244 (Ala.Civ.App.), cert. denied, Exparte State ex rel. Vaughn, 607 So.2d 246 (1992).
The State correctly argues that "there is no requirement in the statute that an arrearage exist in order for the responding state to enter a new order based upon its own laws." Clearly, however, absent an arrearage, something else must trigger the State's interests in this action to allow the State to represent this petitioner. That position is consistent with our Supreme Court's holding in Ex parte Summerlin, 634 So.2d 539
(Ala. 1993). There, a divorce judgment placing the custody and full responsibility of one child with each parent, in lieu of ordering child support, did not prevent the state from later seeking to recover funds it actually expended on a child; i.e., the duty to support the child remained in spite of the absence of an order of support within the divorce judgment. Clearly, when no order of support exists for the benefit of a child who has parents that have the ability to financially meet the child's needs, the state has an interest in assuring the child's legal entitlement to such. Summerlin, supra; see alsoWillis v. Levesque, 402 So.2d 1003 (Ala.Civ.App. 1981).
The state becomes the real party in interest when it possesses a substantive right to recover funds the state hasexpended for the support of the child; i.e., when a state furnishes support to a child, it has the right *Page 425 
to seek reimbursement from a parent, and to establish the parent's duty to pay child support in the future. Ala. Code 1975, § 30-4-85 and § 38-10-4. See, e.g., Summerlin, supra, andDempsey, supra.
In this case, the father was currently paying his child support obligation pursuant to a duty established by an enforceable foreign judgment, and there is nothing in the record to indicate that any state has ever furnished any support to his children or was owed reimbursement by anyone. Indeed, reimbursement is not even sought. Furthermore, as the father correctly asserts, the State's recovery pursuant to the mother's assignment of rights is limited to the amount ordered by the divorce judgment. Dempsey, supra. It is undisputed that the father has paid the previously ordered amount. There is simply nothing owed to the State and it has no interest in this case, even if it had claimed to have expended funds for the children.
Although the mother's sworn URESA testimony was that there existed "no support order," that statement was proven untrue by documents transmitted from North Carolina when it initiated these proceedings. The record in this case simply fails to indicate any State interest that would permit the mother to proceed pursuant to URESA. To allow her to proceed in this action would reach beyond the purposes of URESA and would effectively allow URESA proceedings, at State expense, to substitute for another legal remedy to increase an existing and current child support obligation established by an enforceable and modifiable order.
Our Supreme Court has chosen to deny opportunities to consider the merits of the issue of whether URESA proceedings may be used to increase an existing child support obligation that is current in payment, when a state has not expended funds for the child. It has also chosen to deny those opportunities to address the rationale utilized by this court in reaching its determinations on those issues. Letson, supra, and Vaughn,supra. In brief, the State asserted particular awareness of our Supreme Court's statement in its denial of certiorari review inVaughn, supra. Comments by our Supreme Court in denying certiorari in Vaughn, supra, while respected, are not controlling in this case. See Ivey v. Wiggins, 276 Ala. 106,159 So.2d 618 (1964). A general expression that goes beyond the case is to be taken in connection with the case in which it was made and does not require a different result when the lower court has the occasion to consider that issue in a subsequent case. State ex rel. Wilkinson v. Murphy, 237 Ala. 332,186 So. 487 (1939), quoting from Osaka Shosen Kaisha Line v. UnitedStates, 300 U.S. 98, 57 S.Ct. 356, 81 L.Ed. 532. (1937)
The mother's choice to utilize URESA proceedings with a state attorney attempts to substitute URESA proceedings for another legal remedy, in violation of the fundamental spirit and purpose of URESA. Furthermore, her misrepresentation on her URESA petition regarding the existence of a support order attempts to compel the State to act as her private attorney, and it attempts to expand the limited jurisdiction of the juvenile court in URESA proceedings. The result urged by the State invites an abuse of a process "designed to provide a simplified, fair, and convenient way to compel those who have a duty of support to fulfill their obligation." Ex parteO'Neill, 420 So.2d 264, 265 (Ala. 1982). The trial court correctly dismissed the State's action, and its judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.