This case began with the mother's petition filed in Georgia pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA). Ala. Code 1975, § 30-4-80 et seq. The scant record also discloses that the trial court granted the State's motion to intervene in the Alabama divorce action. The State sought to have the father held in contempt for non-payment of his child support obligation.
Melodie Vickers and Ronald Vickers were divorced in November 1986, and, by an agreement incorporated into the divorce judgment, the mother was granted custody of their two minor daughters and the father was ordered to pay $250 per month as child support. The support order did not specify that a particular amount of the obligation applied to each child.
In March 1994, the mother, who was living in Georgia at that time, filed a URESA petition seeking to enforce the existing child support order. She also alleged that the father was $8,975 in arrears for the period from February 1991 through March 1994. The State was permitted to intervene in the divorce action and filed a petition seeking to hold the father in contempt. In June 1995, the trial court entered an order finding the father in contempt, determining an arrearage, and reducing the father's monthly child support obligation to $125 beginning in January 1993. The State's motion for a new trial was denied; hence, this appeal.
Although the State raises numerous issues regarding the modification and arrearage, we find that the dispositive issue is whether the trial court erred in modifying the father's child support obligation.
There was no evidentiary hearing, and, therefore, no transcript is available; however, the record contains two separate and conflicting statements of evidence provided by the parties. The record also contains a lengthy trial court order setting out an approved statement of evidence. Rule 10(d), A.R.App.P. The scant record indicates that on the day set for trial, counsel for both parties engaged in off-record discussions regarding the child support obligation. The father's position was that he was entitled to credits against any arrearage for various cash payments and for time the mother and daughters had lived with him after the order of support was entered. He asserts on appeal that the parties stipulated to certain credits and to reduce his child support obligation retroactively. The record discloses that the State apprised the trial court that it did not agree to the father's alleged stipulation *Page 1329 
tions or to a compromise settlement, that it objected to modification and particularly retroactive reduction of the father's child support obligation, and that the State's request for a trial was denied.
It is undisputed that there was no request for modification and there was no trial on the issues. There was no notice or opportunity for either side to present any evidence regarding a change in circumstances warranting a modification. It appears from the record that the only issues before the court concerned enforcement of the father's court-ordered child support, a determination of arrearage, and the State's petition to hold the father in contempt for non-payment. No testimony was offered and apparently the case was presented on the pleadings and some off-record, informal discussions between the parties' counsel and the court. Accordingly, the ore tenus rule does not apply. See State ex rel. Howard v. Howard, 671 So.2d 83
(Ala.Civ.App. 1995).
Where there is no pleading, either written or oral, seeking modification of the amount of child support, and the issue is not tried by consent of the parties, expressly or impliedly, a judgment modifying the support order is due to be reversed.State ex rel. Thompson v. Thompson, 586 So.2d 7
(Ala.Civ.App. 1991); Roberson v. Roberson, 558 So.2d 946
(Ala.Civ.App. 1990). Furthermore, a child support obligation may be modified only as to installments accruing after the filing of the petition for modification. Rule 32(A)(3)(a), Ala.R.Jud.Admin.; State ex rel. Dunnavant v. Dunnavant,668 So.2d 851 (Ala.Civ.App. 1995). The record is unclear regarding the exact nature of this action; however, it is clear that a URESA action is not a substitute for the appropriate proceeding to modify a divorce decree. Ala. Code 1975, § 30-4-98. See Stateex rel. Robertson v. Robertson, 675 So.2d 422
(Ala.Civ.App. 1995); Rubenstein v. Rubenstein, 655 So.2d 1050
(Ala.Civ.App. 1995); see also State ex rel. Van Buren CountyDep't of Social Services v. Dempsey, 600 So.2d 1019
(Ala.Civ.App. 1992). Regardless of whether this action continued as a URESA enforcement action or evolved into post-divorce proceedings by virtue of the State's intervention, as a matter of law, the trial court erred in modifying this child support obligation; therefore, its judgment must be reversed.
The trial court's error in modification also affected its determination regarding the father's arrearage. Therefore, on remand, the trial court must also recalculate the arrearage due from the father. On remand, the trial court should be mindful of certain legal principles regarding child support obligations. Past-due child support payments are final judgments that can be collected like other judgments; consequently, a trial court may not modify, release, or discharge the obligor of past-due support once the support obligation becomes final under the divorce judgment. Mann v.Mann, 550 So.2d 1028 (Ala.Civ.App. 1989). The allowance or denial of credits against an arrearage is a matter within the sound discretion of the trial court. Rubrigi v. Rubrigi,630 So.2d 67 (Ala.Civ.App. 1993); State Department of HumanResources v. Thomas, 615 So.2d 84 (Ala.Civ.App. 1992). It is also noteworthy that the question whether the trial court included the requested interest in its arrearage determination cannot be answered by this record. See Cohn v. Cohn,658 So.2d 479 (Ala.Civ.App. 1994), cert. denied, 668 So.2d 575
(Ala. 1995); McDavid v. McDavid, 627 So.2d 446
(Ala.Civ.App. 1993).
Based on the foregoing, the judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur. *Page 1330