Jerome Wearb and Judith Luks were divorced pursuant to an agreement on October 2, 1986, in the circuit court of Jefferson County, Alabama. At the time of their divorce, the parties' three children were minors. The trial court incorporated into the divorce judgment the terms of an agreement between the parties; in accordance with that agreement, the court granted Luks custody of the children, established visitation for Wearb, and provided for child support and alimony payments.
On April 29, 1988, Luks petitioned in the Circuit Court of Jefferson County for a rule nisi against Wearb. On August 25, 1988, the circuit judge entered an order finding Wearb in contempt because he was in arrears in his child support and alimony obligations, and ordering him to pay the past-due amounts. The trial court entered an order of discharge on the contempt proceedings on March 9, 1989, after Wearb had paid the delinquent amounts.
Wearb remarried and moved to North Carolina sometime in 1989. On October 10, 1989, Luks petitioned the Circuit Court of *Page 183 
Jefferson County, Alabama, for a modification of the original divorce judgment. The trial court entered an order modifying the original divorce judgment on December 6, 1989. That modification order increased the child support to be paid by Wearb to $1,350 per month, left the alimony at $50 per week, and modified Wearb's visitation because of Wearb's move to another state.
On February 11, 1991, the Circuit Court of Jefferson County held Wearb in contempt for failure to pay alimony, child support, and other expenses pursuant to the 1989 modification. On October 14, 1991, Luks filed a complaint against Wearb under the Uniform Reciprocal Enforcement of Support Act § 30-4-80 et seq., Ala. Code 1975 (hereinafter "URESA"), seeking child support, alimony, and child support and alimony arrearages. Pursuant to the URESA action, a North Carolina district court entered an order on June 2, 1992, that purportedly determined Wearb's child support and alimony arrearages up until that date. The North Carolina district court ordered Wearb to pay alimony and child support payments in the amounts of $200 per month and $517 per month, respectively, and also ordered Wearb to make $50 monthly payments toward the child support arrearage. Wearb complied with the North Carolina order until October 1995.
In June 1995, while in Alabama attending a daughter's graduation, Wearb was arrested on charges of criminal nonsupport initiated by Luks. Wearb posted a cash bond of $10,000 and returned to North Carolina. On June 16, 1995, Wearb filed a motion in the North Carolina district court to terminate any prospective post-minority child support and petitioned for a review of his obligations under the URESA order. Wearb filed a motion to dismiss the criminal nonsupport charges in Alabama, alleging that the nonsupport action was without factual or legal basis because Wearb was in compliance with the North Carolina URESA action.
On June 30, 1995, Wearb returned to Alabama to contest the criminal charges in the Circuit Court of Jefferson County. He defended those charges by asserting his compliance with the North Carolina URESA order. The judge dismissed the charges upon Wearb's payment of the $10,000 cash bond to Luks in partial payment of the arrearages alleged by Luks.
As he left the hearing, but while he was still in the courthouse, Wearb was served with a petition for a rule nisi filed by Luks; by that petition Luks sought to enforce all child support and alimony payments due under the 1989 modification to the parties' divorce judgment. Wearb filed a motion to quash service of process, or, in the alternative, to dismiss for lack of personal jurisdiction, on August 29, 1995. Wearb alleged in his motion to quash or dismiss that he was immune from civil process at the time he was served with the petition for rule nisi because he was a nonresident criminal defendant. He also based the motion on the assertion that he was in full compliance with the North Carolina URESA action.
On October 9, 1995, the North Carolina district court terminated Wearb's prospective child support as of July 1, 1995, the date the parties' youngest child reached 18 years of age, the age of majority in North Carolina. The North Carolina district court also credited the $10,000 cash bond paid to Luks against the amount as to which it determined Wearb to be in arrears in his alimony and child support obligations, and it determined that Wearb owed a remaining $112 in past-due child support. Wearb paid Luks $112 in November 1995.
On September 26, 1996, the Circuit Court of Jefferson county conducted a hearing on Luks's rule nisi petition. Wearb did not attend this hearing, but was represented by counsel. Following this hearing, the trial court entered an order on September 30, 1996, granting Luks's petition for the rule nisi and finding Wearb in contempt for failure to pay child support and alimony. The trial judge found Wearb to be $44,674 in arrears in his child support obligations and $10,803.50 in arrears in his alimony obligations. Luks was also awarded a $6,000 attorney fee. Wearb appeals.
Wearb first argues that the Circuit Court of Jefferson County did not have jurisdiction over him because, he argues, he was not properly served. Wearb was served in *Page 184 
the Jefferson County courthouse after contesting the criminal nonsupport charges against him. Wearb argues that he was immune from civil process at that time because he was a nonresident criminal defendant. Wearb also argues that the trial judge improperly applied the doctrine of "special appearance" in denying Wearb's motion to dismiss or to quash the service of process.
Wearb argues that a nonresident who appears voluntarily in a forum is immune from service of civil process while he is in the forum state. The Supreme Court of the United States has held that "suitors, as well as witnesses, coming from another state or jurisdiction, are exempt from the service of civil process while in attendance upon court, and during a reasonable time in coming and going." Stewart v. Ramsay, 242 U.S. 128,129, 37 S.Ct. 44, 45, 61 L.Ed. 192, 197 (1916). An exception to the "immunity from process" rule is the situation in which two actions, pending in the same court, are dependent on or related to one another. Lamb v. Schmitt, 285 U.S. 222, 52 S.Ct. 317,76 L.Ed. 720 (1932).
This court has applied the doctrine of "immunity from process" in Lester v. Lester, 637 So.2d 1374 (Ala.Civ.App. 1994), in which this court held that a wife could not be served while in the courtroom when she appeared in that forum to contest the validity of a prior service of process in that same action. However, in this case, Wearb was served for a separate, civil action that was directly related to the criminal nonsupport charges.
In Lester v. Lester, supra, this court noted that "[t]he longstanding philosophy of the . . . courts has been that immunity should not be granted for the convenience of the person seeking it, but is for the convenience of the court and should be made available only to further the administration ofjustice." 637 So.2d at 1375 (quoting 4 C. Wright A. Miller,Federal Practice and Procedure § 1076, at 500 (2d ed. 1987)). This court also stated in Lester that the doctrine of immunity from process must be invoked cautiously. 637 So.2d at 1375.
The facts of this case fall within the Lamb v. Schmitt, supra, exception to the doctrine of immunity from process. The criminal nonsupport charges and the petition for rule nisi by which Luks sought to recover delinquent child support obligations are so closely related as to present the same question. Both of these actions arose from the same divorce modification order, both involve exactly the same parties and issues, and both seek to enforce the same rights. A grant of immunity from process in this situation would not further the administration of justice, and it is not justified.
Wearb also argues that the trial court improperly relied on the distinction between a general appearance and a special appearance in denying his motion to dismiss or to quash service. This distinction was abolished by Rule 12, Ala.R.Civ.P. The comments to that rule state that "[n]either the filing of a general appearance, nor the taking of a position looking to the merits, prevents a party from attacking the jurisdiction of the court or the service of process."See Rule 12, Ala.R.Civ.P., Committee Comments. However, the trial court reached the correct result in denying Wearb's motion to dismiss the action or to quash service of process. We will not reverse where the trial court reached the correct result for the wrong reason. Morrison v. Franklin,655 So.2d 964 (Ala. 1995); Bennett v. Bennett, 454 So.2d 535 (Ala. 1984).
Wearb next argues that the trial court erred in conducting the rule nisi proceeding, because, he argues, he was in compliance with the North Carolina URESA order. This argument is without merit. The purpose of a proceeding under URESA is "to provide a simple, fair, and convenient method to compel parents who have an obligation of support, to comply with that obligation." Allsup v. State ex rel. Salas, 648 So.2d 597, 599
(Ala.Civ.App. 1994). An action for child support brought under URESA does not replace or modify an order of child support in a divorce action; it enforces a prior support obligation. State ex rel. Van Buren County Department of SocialServices v. Dempsey, 600 So.2d 1019 (Ala.Civ.App. 1992);Willis v. Levesque, 402 So.2d 1003 (Ala.Civ.App. 1981). Any modifications to the divorce judgment and support obligations must be made by the *Page 185 
circuit court with jurisdiction over the divorce judgment.State ex rel. Van Buren County Department of Social Services v.Dempsey, 600 So.2d at 1023. "The remedies provided in [URESA] are in addition to and not in substitution for any other remedies." § 30-4-98, Ala. Code 1975.
The North Carolina district court's order was pursuant to Luks's URESA petition seeking to enforce Wearb's support obligation; it was not a modification of Wearb's child support and alimony obligations under the 1989 modification to the Alabama judgment of divorce. An URESA action is not a substitute for other available remedies. See State ex rel.Vickers v. Vickers, 684 So.2d 1327 (Ala.Civ.App. 1996);Letson v. Johnson, 612 So.2d 475 (Ala.Civ.App. 1992); Stateex rel. Van Buren County Department of Social Services v.Dempsey, supra. See also Stephens v. Hamrick, 86 N.C. App. 556,358 S.E.2d 547 (1987). Thus, Wearb's compliance with the URESA support order did not negate the accumulation of an arrearage under the 1989 modification to the parties' divorce. However, all amounts paid under the URESA order may be credited against any amounts that the Alabama court determines are owed by Wearb.
The trial court properly calculated the arrearages in child support and alimony that had accrued under the 1989 modification to the parties' divorce judgment. All amounts paid by Wearb pursuant to the North Carolina URESA orders were properly credited against both of those arrearages. The trial court also credited the $10,000 cash bond against the accumulated arrearages. The judgment of the trial court on this issue was proper and is due to be affirmed.
Wearb's final argument is that the trial court erred in finding him in contempt and ordering him to pay Luks's attorney fees. "[W]hether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong," the judgment of the trial court is to be affirmed. Stack v. Stack, 646 So.2d 51, 56
(Ala.Civ.App. 1994). Wearb was not present at the hearing on the rule nisi petition, and he presented no evidence to contradict Luks's testimony. We cannot hold the trial court in error for evidence not before it at that hearing. The trial court did not abuse its discretion in finding that Wearb was in contempt of its previous support orders.
A finding of contempt in a support enforcement proceeding supports the award of an attorney fee. § 30-2-54, Ala. Code 1975; Bell v. Bell, 443 So.2d 1258 (Ala.Civ.App. 1983). The award of an attorney fee is within the discretion of the trial court. We cannot say that the trial court abused its discretion in awarding Luks an attorney fee.
The judgment of the trial court is due to be affirmed. The appellee's request for an attorney fee is granted in the amount of $750.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.